### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COACH AM GROUP HOLDINGS CORP., _et al._.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-10010 (KG)<br><br>(Jointly Administered) |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9), FED. R. BANKR. P. 2002 AND 3003(c)(3) AND DEL. BANKR. L.R. 2002-1(e) (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their counsel, submit this motion (the "**Motion**"), for entry of an order pursuant to sections 105(a), 503(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy

---

[1]     Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); American Coach Lines of Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); Dillon's Bus Service, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); Lakefront Lines, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784).  The Debtors' corporate offices are located at 8150 North Central Expressway, Suite M1000, Dallas, Texas 75206.

Procedure (the "**Bankruptcy Rules**") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") establishing bar dates for filing proofs of claim and (ii) approving the form and manner of notice thereof.  In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief sought herein are sections 105(a), 503(b)(9) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rule 2002-1(e).

## BACKGROUND

3.      On January 3, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

4.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.      By order dated January 5, 2012, this Court has authorized the joint administration of the Chapter 11 Cases.  *See* Docket No. 44.

6.      On January 13, 2012, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code.  *See* Docket No. 92.

7.      Detailed information regarding the Debtors' business and the events leading to the Chapter 11 Cases is set forth in the *Declaration in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 3] (the "**First Day Declaration**").

## RELIEF REQUESTED

8.      The Debtors are required to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") by the date that is sixty (60) days after the Petition Date.  *See Order Pursuant to Fed. R. Bankr. P. 1007(b) and (c) and Del. Bankr. L.R. 1007-1(b) Extending the Time Within Which the Debtors Must File their Schedules and Statements of Financial Affairs* [Docket No. 150].  In connection with the Debtors' proposed sale of substantially all of their assets, the Debtors must obtain complete and accurate information regarding the nature, validity and amount of all claims that will be asserted in the Chapter 11 Cases.  Accordingly, pursuant to Bankruptcy Rule 3003(c)(3), the Debtors request that the Court (i) establish deadlines by which (a) proofs of claim based on prepetition debts or liabilities against or (b) proofs of interest in any of the Debtors must be filed, (ii) approve the Proof of Claim Form (as defined below), (iii) approve the Bar Date Notice and Publication Notice (each as defined below) and (iv) approve the proposed notice and publication procedures.

## Establishment of Bar Dates

9.      The Debtors submit that notice of the proposed Bar Dates (defined below) is more than sufficient to comply with the Bankruptcy Rules in light of the proposed notice procedures provided herein.  Bankruptcy Rule 3003(c)(2) provides that any creditor or equity security holder who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or interest in any of the Debtors that arose prior to the Petition Date and whose claim or interest is not listed on the Debtors' Schedules or whose claim or interest is listed on the Schedules as disputed, contingent or unliquidated, must file a proof of claim or interest.  Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim or interest must be filed in a chapter 11 case.  Bankruptcy Rule 2002(a)(7) provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).

10.     **General Bar Date**.  The Debtors request that the Court establish April 2, 2012 at 5:00 p.m. (prevailing Eastern time) (the "**General Bar Date**") as the last date and time by which any person or entity (excluding governmental units) holding a claim or interest against the Debtors that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim or interest.  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

11.     **Governmental Unit Bar Date**.  Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules or a court order] may provide."  11 U.S.C. § 502(b)(9).  Accordingly, because the General Bar Date is earlier than 180 days after the Petition Date, the Debtors propose that July 1, 2012 at 5:00 p.m. (prevailing Eastern time) (the "**Governmental Unit Bar Date**" and together with the General Bar Date, the "**Bar Dates**") be established as the deadline for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date to file proofs of claim.  The Governmental Unit Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

12.     Pursuant to the form of order attached hereto as **Exhibit A** (the "**Bar Date Order**"), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or interest in any of the Debtors that arose prior to the Petition Date (including, without limitation, claims entitled to priority under section 503(b)(9) of the Bankruptcy Code) must file an original, written proof of such claim or interest

-4-

that substantially conforms to the Proof of Claim Form (as defined below), either by (i) mailing the original proof of claim or interest by regular mail to BMC Group, Inc., Attn: Coach America Claims Processing, P.O. Box 3020, Chanhassen, Minnesota 55317-3020 (ii) delivering the original proof of claim or interest by hand or overnight courier to BMC Group, Inc., Attn: Coach America Claims Processing, 18675 Lake Drive East, Chanhassen, Minnesota 55317.   The Debtors request that the Bar Date Order provide that (i) proofs of claim or interest sent by facsimile, telecopy or electronic mail will *not* be accepted and (ii) proofs of claim or interest are deemed timely filed only if such claims or interests are *actually received* by BMC Group, Inc., on or before 5:00 p.m. (prevailing Eastern time) on the applicable Bar Date.   The Debtors propose that properly filing an original, written proof of claim that substantially conforms to the Proof of Claim Form be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their administrative expense status, are prepetition claims).

13.    Pursuant to the proposed Bar Date Order, the following persons or entities are *not* required to file a proof of claim or interest on or before the applicable Bar Date:

(a)    any person or entity that has *already* properly filed a proof of claim against or interest in the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the District of  Delaware in a form substantially similar to the Proof of Claim Form (as defined below);

(b)    any person or entity whose claim or interest is listed on the Schedules; *provided* that (i) the claim or interest is *not* scheduled as "disputed," "contingent" or "unliquidated," (ii) the person or entity agrees with the amount, nature and priority of the claim or interest as set forth in the Schedules *and* (iii) the person or entity agrees that the claim or interest is an obligation of the specific Debtor against which the claim or in which the interest is listed on the Schedules;

(c)    any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)    any person or entity whose claim has been paid in full by any of the Debtors;

(e)     any current employee of the Debtors, and any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the interim and final wage orders approved by the Court, *provided, however*, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later of (i) the applicable Bar Date and (ii) 30 days from the date of service of such written notice, to file a proof of claim;

(f)     any person or entity that holds a claim or interest for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(g)     any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any unpaid administrative expense claim allowable under section 503(b)(9) of the Bankruptcy Code);

(h)     any Debtor;

(i)     any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "**Debt Claim**") under the agreements governing any syndicated credit facility; *provided, however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility, (ii) each administrative agent shall be authorized and required to file a single proof of claim, on or before the applicable Bar Date, on account of all Debt Claims against all Debtors under the applicable credit facility and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a credit facility, shall be required to file a proof of claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; and

(j)     any entity holding an interest in the Debtors (an "**Interest Holder**"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "**Interest**"); *provided, however*, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception contained in the proposed order applies.

-6-

14.     As set forth above, any current salaried or current non-bargaining unit hourly employee of the Debtors holding a claim relating solely to wages, salaries, commissions, vacation, benefits, pension or retirement, which claim had arisen as of the Petition Date need not file a proof of claim on or before the General Bar Date.  In contrast, the proposed Bar Date Order provides that claims held by former employees (whether or not retired or previously covered by a collective bargaining agreement) and current bargaining unit employees (i.e., union-represented employees) are *not* excluded and, thus, are subject to the General Bar Date; *provided*, *however*, a current bargaining unit employee, a former employee or a labor union claiming to represent or representing a current bargaining unit employee or former employee shall not be required to file a proof of claim for current benefits concerning (a) any benefit plan which is funded through a trust fund held separate from the assets of the Debtors, such as a qualified retirement or 401(k) plan, or (b) a self funded benefit program of the Debtors which provides welfare benefits under one or more "employee welfare benefit plans" as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). Subject to the proviso of the preceding sentence, claims of labor unions, as well as claims of bargaining unit employees (and former employees represented by labor unions), arising out of, or related to, current or previous collective bargaining agreements, are not excluded and, thus, are subject to the General Bar Date.

15.     In addition, the proposed Bar Date Order provides that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (a) the applicable Bar Date and (b) 30 days after notice by the Debtors of the entry of an order authorizing rejection to which the claim relates.

16.     Finally, the proposed Bar Date Order provides that any person or entity that holds a claim that arises from the withdrawal by the Debtors from a multi-employer pension plan must file a proof of claim based on such withdrawal by the later of (a) the applicable Bar Date and (b) 30 days after notice by the Debtors that permanently terminates their obligation to

contribute under such multi-employer plan, *provided* that notice of the entry of an order authorizing such withdrawal shall satisfy this requirement.

### **Proof of Claim Form**

17.    Due to the size and complexity of these Chapter 11 Cases, the Debtors, with the assistance of BMC Group, Inc. ("**BMC Group**"), have prepared a proof of claim or interest form tailored to these Chapter 11 Cases (the "**Proof of Claim Form**").  The proposed Proof of Claim Form, which is based on Official Form No. 10, is attached hereto as **Exhibit B**. Each person or entity whose claim or interest is listed on the Schedules will receive in the mail a "customized" Proof of Claim Form printed with the applicable name and address and information regarding the nature, amount, and status of such claim(s) or interest(s) (as reflected on the Schedules), together with instructions for filing a proof of claim or interest and correcting any incorrect name and address information.  If a person or entity disagrees with information set forth on the Proof of Claim Form, including the specified Debtor or the amount or type of the claim or interest set forth on the Proof of Claim Form, such person or entity is required to file a proof of claim or interest identifying the Debtor against which such person or entity is asserting a claim or in which such person or entity is asserting an interest and the amount and type of such claim or interest.

### **Requirements for Preparing and Filing Proofs of Claim or Interest**

18.    The proposed Bar Date Order provides that each proof of claim or interest must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; *provided, however*, that the Debtors reserve the right to convert a claim or interest denominated in non-U.S. currency into U.S. currency using the applicable exchange rate as of the Petition Date, unless the Debtors deem another date more appropriate; (iii) conform substantially with the Proof of Claim Form; (iv) indicate the Debtor against which the person or entity is asserting a claim or in which the person or entity is asserting an interest (and if a person or entity asserts a claim against or interest in more than one Debtor or has claims against or

interests in more than one Debtor, a separate proof of claim or interest must be filed with respect to each Debtor); (v) include supporting documentation; and (vi) be signed by the claimant or interest holder or, if the claimant or interest holder is not an individual, by an authorized agent of the claimant or interest holder.   The Debtors respectfully request that the Court approve the proposed Proof of Claim Form.

**Consequences of Failure to File a Proof of Claim**

19.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any holder of a claim against or interest in one or more of the Debtors who is required, but fails, to timely file a proof of such claim or interest in appropriate form in accordance with the terms of the Bar Date Order shall be forever barred, estopped and enjoined from asserting such claim against or interest in the Debtors (or filing a proof of claim or interest with respect thereto), and the Debtors and their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim or interest, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 Cases or participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or interest or to receive further notices regarding such claim or interest.

**Proposed Procedures for Providing Notice of the
Bar Dates and of Procedures for Filing Proofs of Claim**

20.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide creditors with notice of the Bar Dates by serving (i) a copy of the Bar Date Order, (ii) a notice of the Bar Dates in a form substantially similar to the notice attached hereto as **Exhibit C** (the "**Bar Date Notice**") and (iii) a Proof of Claim Form (the "**Bar Date Notice Package**") by first class mail, postage prepaid, within five (5) business days of the entry of the Bar Date Order, upon

(a)    the United States Trustee;

(b)    counsel to the Committee;

(c)     all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

(d)     all persons or entities that have filed claims or interests;

(e)     all known holders of prepetition claims or interests listed on the Schedules at the addresses stated therein;

(f)     all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)     pension plans to which the Debtors contribute or have contributed on behalf of their employees;

(h)     all parties to litigation with the Debtors;

(i)     the Internal Revenue Service, the Securities and Exchange Commission, the Pension Benefit Guaranty Corporation, the United States Attorney for this District and any other required governmental units;

(j)     the parties requesting notice in the Chapter 11 Cases under Bankruptcy Rule 2002; and

(k)     such additional persons and entities as deemed appropriate by the Debtors.

21.     The Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim or interest, the procedure for filing a proof of claim or interest and the consequences of failure to timely file a proof of claim or interest. The Debtors request that the Court approve the Proof of Claim Form and use of the Bar Date Notice.

22.     Given the size and scope of the Debtors' businesses, the Debtors determined that it would be in the best interest of their estates to give notice by publication to certain creditors and interest holders, including: (i) those creditors and interest holders to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors and interest holders with addresses unknown by the Debtors and (iii) potential creditors and interest holders with claims or interests unknown by the Debtors.

23.     Pursuant to Bankruptcy Rule 2002(l), the Debtors seek authority to publish notice of the Bar Dates in substantially the form attached hereto as **<u>Exhibit D</u>** (the

"**Publication Notice**").  The Debtors propose to publish the Publication Notice at least once no later than 21 days prior to the General Bar Date in the national edition of *The Wall Street Journal*.  In the Debtors' judgment, this publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of the Chapter 11 Cases.

24.     The Bar Date Notice and the Publication Notice: (a) set forth the Bar Dates; (b) advise creditors under what circumstances they must file a Proof of Claim under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of this Court, as applicable; (c) alert creditors to the consequences of failing to file a timely Proof of Claim, as set forth in Bankruptcy Rule 3003(c)(2) or an order of this Court, as applicable; (d) set forth the addresses to which Proofs of Claim must be sent for filing; and (e) notify creditors that (i) Proofs of Claim must be filed with original signatures, and (ii) facsimile or e-mail filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner

### Amendments to Schedules

25.     The Debtors have the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in the Schedules as to nature, amount, liability, characterization, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  Bankruptcy Rule 1009(a) provides that notice of any amendment to the Schedules must be given to any entity affected thereby.  If the Schedules are amended before the Bar Date Notice is served, then the Debtors ask that the personalized Proof of Claim Form attached to the Bar Date Notice shall serve as the notice required by Bankruptcy Rule 1009(a), and that no other notice of amendment of the Schedules be required.

26.     If the Debtors amend the Schedules on or after the date upon which the Debtors serve the Bar Date Notice in a manner that would add a new claim or interest, reduce the

undisputed, non-contingent or liquidated amount of a claim or interest, or change the nature or classification of a claim or interest, the Debtors acknowledge that they would be obligated to satisfy the notice requirements of Bankruptcy Rule 1009(a) for each affected entity. The Debtors propose that the affected person or entity would be required to file a proof of claim or interest by the later of (i) the Bar Date and (ii) 30 calendar days after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity as described in this paragraph.

## Objections to Claims or Interests

27.    The Debtors reserve their right to object to any proof of claim or interest, whether filed or scheduled, on any grounds, *provided, however*, the Debtors shall not raise any procedural objection to a claim pursuant to section 503(b)(9) if such claimant filed a proof of claim pursuant to the procedures set forth herein. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim or interest reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise and to subsequently designate any claim or interest as disputed, contingent, unliquidated or undetermined.

## BASIS FOR RELIEF

28.    The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon

investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 ((citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

29.    In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open¬ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are `reasonably ascertainable' and hence 'known' creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date `depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)).

30.    The Debtors submit that the proposed notice procedures respecting the Bar Dates more than satisfies the *Chemetron* standard.  The Debtors have identified those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors, or are especially likely to be potential holders of claims. The potential claimants were identified following careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable.

31.    The Debtors believe that the procedures described herein, the Bar Date Notice and the Publication Notice are collectively "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing a proof of claim or interest by the Bar Date. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Furthermore, courts in this District have held that

publication in the national edition of *The Wall Street Journal* constitutes adequate notice to unknown creditors. *See, e.g., In re Barnes Bay Dev. Ltd.*, Case No. 11-10792 (PJW) (Bankr. D. Del. Apr. 12, 2011); *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW) (Bankr. D. Del. Aug. 5, 2010); *In re Dayton Superior Corp.*, Case No. 09-11351 (BLS) (Bankr. D. Del. July 14, 2009); *In re Sportsman's Warehouse, Inc.*, Case No. 09-10990 (CSS) (Bankr. D. Del. May 1, 2009); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. July 10, 2008). Accordingly, the Debtors respectfully submit that notice procedures set forth herein constitute adequate and sufficient notice for all relevant purposes.

32.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of its estates and creditors, and should be granted in all respects.

## NOTICE

33.     No trustee or examiner has been appointed in the Chapter 11 Cases. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware, Attn: Tiiara Patton, Esq.; (ii) counsel to JPMorgan Chase Bank, N.A., as the DIP Agent and the Prepetition First Lien Agent; (iii) counsel to The Bank of New York Mellon, as administrative agent for the Debtors' prepetition subordinated lenders; (iv) counsel to the Committee; and (v) all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**
Sharon Levine, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
slevine@lowenstein.com
steele@lowenstein.com
nstefanelli@lowenstein.com

-and –

**POLSINELLI SHUGHART**

  _/s/ Christopher A. Ward_
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Jarrett K. Vine (Del. Bar No. 5400)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com
jvine@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*

Dated: February 1, 2012
       Wilmington, Delaware