## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COACH AM GROUP HOLDINGS CORP., *et al.*,[1] | ) | Case No. 12-10010 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Coach AM Group Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), with the assistance of their proposed advisors, filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521

---

[1]     Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); American Coach Lines of Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); Dillon's Bus Service, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); Lakefront Lines, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784).  The Debtors' corporate offices are located at 8150 North Central Expressway, Suite M1000, Dallas, Texas 75206.

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Mr. Brian Cejka signed each of the Schedules and Statements as the Chief Restructuring Officer and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Cejka relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Cejka has not personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied on financial data from their books and records available at the time of preparation. Although the Debtors made reasonable efforts to ensure the accuracy and completeness of this financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On January 3, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 5, 2012, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 44]. On January 13, 2012, the

United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 92].

**Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of December 31, 2011.  Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date.  Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as they deem necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

With respect to any person listed as an insider, the Debtors do not take a position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.  The listing of a party as an "insider" is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an

admission of any fact, claim, right, or defense, and the Debtors expressly reserve such rights, claims, and defenses.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to the appropriate Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

**Claims Description**.  Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

  a.  **Undetermined Amounts**.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

-4-

      b.      <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.      <u>Paid Claims</u>.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

      d.      <u>Excluded Liabilities</u>.  The Debtors have excluded certain accrued liabilities, including accrued salaries, employee benefits and tax accruals from the Schedules and Statements.

      e.      <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A**.  For those Debtors that own real property, such owned real estate is reported at net book value.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedules B13&B14**.  Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 & B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  The Debtors track reserves for doubtful accounts on a consolidated basis.  As such, the specific Accounts Receivable values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have reserves for doubtful accounts of $827,038.83 for B.16.

The Debtors do not track intercompany receivable balances on an individual Debtor basis, as such no intercompany receivable balances are listed in response to this question.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

The Debtors have been involved in several vehicle accidents from which they believe they will recover funds from the at fault driver.  The company does not have detailed records of these accidents and as such they are not listed on Schedule B21.

**Schedule B25.**  The Debtors track depreciation of their assets on a consolidated basis.  As such, the specific asset values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have depreciation of $148,924,246.00 for B.25.

**Schedule B28.**  The Debtors track depreciation of their assets on a consolidated basis.  As such, the specific asset values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have depreciation of $11,160,967.22 for B.28.

**Schedule B29.**  The Debtors track depreciation of their assets on a consolidated basis.  As such, the specific asset values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have depreciation of $2,176,703.17 for B.29.

**Schedule B30.**  The Debtors track reserves for obsolete inventory on a consolidated basis.  As such, the specific inventory values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have reserves for obsolete inventory of $562,100.74 for B.30.

**Schedule B35.**  The Debtors track depreciation of their assets on a consolidated basis.  As such, the specific asset values for the relevant subsidiaries are listed at their gross values.

On a consolidated basis, the Debtors have depreciation of $1,295,187.09 for B.35.

**Schedule D**.  The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim.  All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from

avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

Outstanding balance related to the first lien credit agreements contains approximately $56 million of undrawn letters of credit.

**Schedule F**. The Debtors used reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, accrued taxes or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the amount that is the subject of the litigation is uncertain or undetermined. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such

potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

To the extent a Debtor has a claim against another Debtor on account of the Debtors' prepetition secured facilities, these claims are not reflected on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**.  The Debtors' businesses are complex.  Although the Debtors relied on their existing books, records and financial systems to identify and schedule executory contracts at each of the Debtors and made diligent efforts to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality agreements may not be listed on Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees, customer refunds and bankruptcy professionals. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b were made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. The Debtors do not maintain intercompany balances on

a per Debtor basis.  As such, intercompany transfers shown on Statement 3c shows the change in balance of the individual Debtors intercompany account across all related entities between the filing date and one year prior.

**Statement 4a**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum with the exception of workers compensation and automobile claim matters.  In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor.  Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.  In the case of workers compensation, the Debtors have listed all open claims regardless if the case has been formally recognized by an administrative, judicial or other adjudicative forum.

**Statement 8**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  To the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes, the Debtors may not have records of all such losses.  In the normal course of their businesses the Debtors' vehicles may be involved in accidents which require repair.  This repair work is performed directly by the Debtors and is not tracked as a loss.

**Statement 9**.  Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by CUSA, LLC, and are listed exclusively on that Debtor's response to Statement 9.

Several of the professionals listed on Statement 9 were providing services to the Debtors beyond debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy. The amounts listed include all fees paid to a particular professional and may include amounts not associated with the bankruptcy process.

**Statement 14.**  In the ordinary course of their businesses, the Debtors lease a large number of vehicles and equipment.  The Debtors have not listed these items on Statement 14.  Please refer to Schedule G for a list of the Debtors' various lease agreements.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 21b**.  As of January 23, 2012, George Maney is no longer a partner, officer, director or shareholder of any of the Debtors.

**<u>Statement 23</u>**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.


*[Remainder of page intentionally left blank.]*

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

District Of Delaware

In re    Coach Am Group Holdings Corp.                      ,            Case No. 12-10010 (KG)

Debtor

Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $              0.00 | | |
| B - Personal Property | | 4 | $          102.00 + Undetermined Amounts | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | 1 | | $              0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $              0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 21 | | $       6,117,379.55 + Undetermined Amounts | |
| G - Executory Contracts and Unexpired Leases | | 4 | | | |
| H - Codebtors | | 7 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $          N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $          N/A |
| TOTAL | | 40 | $          102.00 + Undetermined Amounts | $       6,117,379.55 + Undetermined Amounts | |

B6A (Official Form 6A) (04/10)

In re __Coach Am Group Holdings Corp._____,          Case No.  12-10010 (KG)_____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (04/10)

In re  Coach Am Group Holdings Corp.                    ,          Case No.  12-10010 (KG)
                         **Debtor**                                                    (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No. 12-10010 (KG)
                        **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% Equity Ownership - Coach Am Holdings Corp. | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**B6B (Official Form 6B) (04/10) – Cont.**

In re  Coach Am Group Holdings Corp.                    ,                    Case No. 12-10010 (KG)
                 **Debtor**                                                                     **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Tax Refund Indiana 03/31/08 | | $102.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re <u>Coach Am Group Holdings Corp.</u>          ,          Case No. <u>12-10010 (KG)</u>
           **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | <u>     3     </u> continuation sheets attached     Total ▶ | | $ 102.00 + Undetermined Amounts |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B6D (Official Form 6D) (04/10)

In re   **Coach Am Group Holdings Corp.**                          ,                    Case No. **12-10010 (KG)**
                          **Debtor**                                                                               **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

[x]    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

  _0_ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ▶ (Total of this page) | $ 0.00 | $0.00 |
| Total ▶ (Use only on last page) | $ 0.00 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/10)

In re   Coach Am Group Holdings Corp.                              ,                    Case No. 12-10010 (KG)
                        Debtor                                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐     **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐     **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐     **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐     **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/10) – Cont.**

In re  <u>Coach Am Group Holdings Corp.</u>          ,                    Case No. <u>12-10010 (KG)</u>
                    **Debtor**                                                                              **(if known)**

☐   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

<u>  0  </u>  **continuation sheets attached**

B6F (Official Form 6F) (04/10)

In re   **Coach Am Group Holdings Corp.**                    ,                    Case No. **12-10010 (KG)**
_____
    **Debtor**                                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ACL LEASING, LLC<br>705 LIVELY AVENUE<br>NORCROSS, GA 30071 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>AMERICA CHARTERS, LTD.<br>1251 W. CRAIGHEAD ROAD<br>CHARLOTTE, NC 28206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>AMERICAN COACH LINES OF ATLANTA, INC.<br>705 LIVELY AVENUE<br>NORCROSS, GA 30071 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>AMERICAN COACH LINES OF JACKSONVILLE, INC.<br>3501 W. BEAVER STREET<br>JACKSONVILLE, FL 32254 | | | Intercompany Claim | X | X | X | Undetermined |

Subtotal ▶   $ 0.00

_20_  continuation sheets attached

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                    Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>AMERICAN COACH LINES OF MIAMI, INC.<br>3595 NW 110TH STREET<br>MIAMI, FL 33167 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br>AMERICAN COACH LINES OF ORLANDO, INC.<br>4950 L.B. MCLEOD ROAD<br>ORLANDO, FL 32811 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br>AMERICAN COACH LINES, INC.<br>220 S. DIXIE HWY, SUITE 2<br>LAKE WORTH, FL 33460 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br>ANTONIUS, LOIS<br>ADDRESS ON FILE | X | | Second Earnout | | | | $73,090.01 |
| ACCOUNT NO.<br>ANTONIUS, LOIS<br>ADDRESS ON FILE | X | | First Earnout | | | | $79,844.48 |

Sheet no. _1_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 152,934.49

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.          ,          Case No.  12-10010 (KG)
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> B&A CHARTER TOURS, INC. <br> 7479 NEW RIDGE ROAD <br> HANOVER, MD 21076 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br> CAPD, LLC <br> 7479 NEW RIDGE ROAD <br> HANOVER, MD 21076 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br> COACH AM HOLDINGS CORP. <br> C/O FENWAY PARTNERS, LLC <br> 152 WEST 57TH STREET <br> 59TH FLOOR <br> NEW YORK, NY 10019 | X | | Guarantor - Letter Agreement - First Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO. <br> COACH AM HOLDINGS CORP. <br> C/O FENWAY PARTNERS, LLC <br> 152 WEST 57TH STREET <br> 59TH FLOOR <br> NEW YORK, NY 10019 | X | | Guarantor - Letter Agreement - Second Earnout Allocations | X | X | X | Undetermined |

Sheet no. _2_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                          **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | X | | Guarantor - Stock Purchase Agreement Dated 04/18/2008 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | X | | Guarantor - Letter Agreement - First Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | X | | Guarantor - Letter Agreement - Second Earnout Allocations | X | X | X | Undetermined |

Sheet no.  3  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                        Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | X | | Guarantor - Stock Purchase Agreement Dated 04/18/2008 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AMERICA GROUP, INC.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AMERICA HOLDINGS, INC.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COACH AMERICA TRANSPORTATION SOLUTIONS, LLC<br>950 MCCARTY<br>HOUSTON, TX 77029 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.   4  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  <u>Coach Am Group Holdings Corp.</u>          ,          Case No.  <u>  12-10010 (KG)          </u>
                  **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Intercompany Claim | | | | Undetermined |
| COACH BCCAE, L.P. 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | | | | X | X | X | |
| ACCOUNT NO. | | | Intercompany Claim | | | | Undetermined |
| COACH LEASING BCCAE, L.P. 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | | | | X | X | X | |
| ACCOUNT NO. | | | Intercompany Claim | | | | Undetermined |
| CUSA ASL, LLC 4001 S. 34TH STREET PHOENIX, AZ 85040 | | | | X | X | X | |
| ACCOUNT NO. | | | Intercompany Claim | | | | Undetermined |
| CUSA AT, LLC 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | | | | X | X | X | |

Sheet no. _5_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,                    Case No.   12-10010 (KG)
                                    Debtor                                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> CUSA AWC, LLC <br> 7701 WILBUR WAY <br> SACRAMENTO, CA 95828 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br> CUSA BCCAE, LLC <br> 14000 W. 44TH AVENUE <br> GOLDEN, CO 80403 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br> CUSA BESS, LLC <br> 8150 NORTH CENTRAL EXPRESSWAY <br> SUITE M-1000 <br> DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br> CUSA CC, LLC <br> 3333 E. 69TH STREET <br> LONG BEACH, CA 90805 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.  6  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **Coach Am Group Holdings Corp.**                    ,                    Case No.  **12-10010 (KG)**
_____                                        _____
                    **Debtor**                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CUSA CSS, LLC<br>220 E. LEWIS<br>POCATELLO, ID 83201 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA EE, LLC<br>812 DELANO<br>HOUSTON, TX 77003 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA ELKO, LLC<br>P.O. BOX 429<br>ELKO, NV 89803 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA ES, LLC<br>3750 E. ROSSER AVENUE<br>BISMARCK, ND 58501 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA FL, LLC<br>300 TOLAND STREET<br>SAN FRANCISCO, CA 94124 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no. _7_ of _20_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6F (Official Form 6F) (04/10) – Cont.**

In re  Coach Am Group Holdings Corp.             ,          Case No.   12-10010 (KG)
                        **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CUSA GCBS, LLC<br>3888 BEECH STREET<br>SAN DIEGO, CA 92105 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA GCT, LLC<br>950 MCCARTY<br>HOUSTON, TX 77029 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA K-TCS, LLC<br>795 E. TROPICANA AVE.<br>LAS VEGAS, NV 89119 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA KBC, LLC<br>950 MCCARTY<br>HOUSTON, TX 77029 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.   8  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 0.00

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Intercompany Claim | | | | Undetermined |
| CUSA LEASING, LLC 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | | | | X | X | X | |
| ACCOUNT NO. | | | Guarantor - Stock Purchase Agreement Dated 04/18/2008 | | | | Undetermined |
| CUSA LEASING, LLC 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | X | | | X | X | X | |
| ACCOUNT NO. | | | Guarantor - Letter Agreement - Second Earnout Allocations | | | | Undetermined |
| CUSA LEASING, LLC 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | X | | | X | X | X | |
| ACCOUNT NO. | | | Guarantor - Letter Agreement - First Earnout Allocations | | | | Undetermined |
| CUSA LEASING, LLC 8150 NORTH CENTRAL EXPRESSWAY SUITE M-1000 DALLAS, TX 75206 | X | | | X | X | X | |

Sheet no.  _9_ of _20_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 0.00

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6F (Official Form 6F) (04/10) – Cont.**

In re  **Coach Am Group Holdings Corp.**                    ,          Case No.  **12-10010 (KG)**
               **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CUSA PCSTC, LLC<br>2001 S. MANCHESTER<br>ANAHEIM, CA 92802 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA PRTS, LLC<br>P.O. BOX 218<br>GILLETTE, WY 82717 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA RAZ, LLC<br>11655 S.W. PACIFIC HWY.<br>PORTLAND, OR 97223 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CUSA TRANSIT SERVICES, LLC<br>3991 E. 53RD AVENUE<br>DENVER, CO 80216 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.  _10_ of _20_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **Coach Am Group Holdings Corp.**                    ,          Case No.  **12-10010 (KG)**
                          **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> CUSA, LLC <br> 8150 NORTH CENTRAL EXPRESSWAY <br> SUITE M-1000 <br> DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> DILLON'S BUS SERVICE, INC. <br> 7479 NEW RIDGE ROAD <br> HANOVER, MD 21076 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> FLORIDA CRUISE CONNECTION, INC. <br> 31 SARASOTA CENTER BLVD. <br> SARASOTA, FL 34240 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> GET A BUS, LLC <br> 8150 NORTH CENTRAL EXPRESSWAY <br> SUITE M-1000 <br> DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.  _11_ of _20_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.  12-10010 (KG)
                        **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> GOEBEL, CHRISTINE <br> ADDRESS ON FILE | X | | Second Earnout | | | | $141,587.34 |
| ACCOUNT NO. <br><br> GOEBEL, CHRISTOPHER V. <br> ADDRESS ON FILE | X | | Second Earnout | | | | $171,823.47 |
| ACCOUNT NO. <br><br> GOEBEL, CHRISTOPHER V. <br> ADDRESS ON FILE | X | | First Earnout | | | | $409,634.14 |
| ACCOUNT NO. <br><br> GOEBEL, DANIELLE <br> ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |
| ACCOUNT NO. <br><br> GOEBEL, DAVID <br> ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |

Sheet no.  12  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 864,632.27

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.           ,        Case No.  12-10010 (KG)
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GOEBEL, JAMES B.<br>ADDRESS ON FILE | X | | Second Earnout | | | | $171,823.47 |
| ACCOUNT NO.<br><br>GOEBEL, JAMES B.<br>ADDRESS ON FILE | X | | First Earnout | | | | $409,634.14 |
| ACCOUNT NO.<br><br>GOEBEL, JOHN P.<br>ADDRESS ON FILE | X | | First Earnout | | | | $638,755.86 |
| ACCOUNT NO.<br><br>GOEBEL, JOHN P.<br>ADDRESS ON FILE | X | | Second Earnout | | | | $584,817.56 |
| ACCOUNT NO.<br><br>GOEBEL, MICHAEL F.<br>ADDRESS ON FILE | X | | Second Earnout | | | | $95,386.95 |

Sheet no.  13  of  20  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 1,900,417.98

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) − Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.  12-10010 (KG)
                    **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GOEBEL, MICHAEL F.<br>ADDRESS ON FILE | X | | First Earnout | | | | $409,634.14 |
| ACCOUNT NO.<br><br>GOEBEL, MIKE T.<br>ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |
| ACCOUNT NO.<br><br>GOEBEL, PHILLIP<br>ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |
| ACCOUNT NO.<br><br>GOEBEL, RACHEL<br>ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |
| ACCOUNT NO.<br><br>GOEBEL, THOMAS G.<br>ADDRESS ON FILE | X | | Second Earnout | | | | $594,857.16 |

Sheet no.  14  of  20  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 1,216,872.28

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) − Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                        **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GOEBEL, THOMAS G.<br>ADDRESS ON FILE | X | | First Earnout | | | | $676,953.47 |
| ACCOUNT NO.<br><br>HOPKINS AIRPORT LIMOUSINE SERVICE, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Letter Agreement - First Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>HOPKINS AIRPORT LIMOUSINE SERVICE, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Letter Agreement - Second Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>HOPKINS AIRPORT LIMOUSINE SERVICE, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Stock Purchase Agreement Dated 04/18/2008 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>HOPKINS AIRPORT LIMOUSINE SERVICE, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.  _15_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 676,953.47

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.              ,           Case No.   12-10010 (KG)
                    **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> KAMINSKI, REBECCA <br> ADDRESS ON FILE | X | | Second Earnout | | | | $70,793.66 |
| ACCOUNT NO. <br><br> KBUS HOLDINGS, LLC <br> 8150 NORTH CENTRAL EXPRESSWAY <br> SUITE M-1000 <br> DALLAS, TX 75206 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> KUCHTA, MAURA <br> ADDRESS ON FILE | X | | Second Earnout | | | | $171,823.47 |
| ACCOUNT NO. <br><br> KUCHTA, MAURA <br> ADDRESS ON FILE | X | | First Earnout | | | | $409,634.14 |

Sheet no.  16  of  20  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 652,251.27

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                          **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>LAKEFRONT LINES, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Stock Purchase Agreement Dated 04/18/2008 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LAKEFRONT LINES, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Letter Agreement - Second Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LAKEFRONT LINES, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | X | | Guarantor - Letter Agreement - First Earnout Allocations | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LAKEFRONT LINES, INC.<br>13315 BROOK PARK ROAD<br>BROOKPARK, OH 44142 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LUBIMIR, JOHN<br>ADDRESS ON FILE | X | | Second Earnout | | | | $99,670.95 |

Sheet no.  _17_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 99,670.95

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **Coach Am Group Holdings Corp.**            ,            Case No.   **12-10010 (KG)**
              **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>MAZZEO, MIKE<br>ADDRESS ON FILE | X | | Second Earnout | | | | $143,883.67 |
| ACCOUNT NO.<br><br>MAZZEO, MIKE<br>ADDRESS ON FILE | X | | First Earnout | | | | $79,844.48 |
| ACCOUNT NO.<br><br>MIDNIGHT SUN TOURS, INC.<br>220 S. DIXIE HWY, SUITE 2<br>LAKE WORTH, FL 33460 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ROYAL TOURS OF AMERICA, INC.<br>4950 L.B. MCLEOD ROAD<br>ORLANDO, FL 32811 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SHINADA, KATHY<br>ADDRESS ON FILE | X | | Second Earnout | | | | $141,587.34 |

Sheet no. _18_ of _20_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 365,315.49

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **Coach Am Group Holdings Corp.**          ,          Case No.  **12-10010 (KG)**
                        **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>SMITH, KEN<br>ADDRESS ON FILE | X | | Second Earnout | | | | $73,090.01 |
| ACCOUNT NO.<br>SMITH, KEN<br>ADDRESS ON FILE | X | | First Earnout | | | | $79,844.48 |
| ACCOUNT NO.<br>SOUTHERN COACH COMPANY<br>2020 SOUTH BRIGGS AVENUE<br>DURHAM, NC 27703 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br>STEC, FR. BOB<br>ADDRESS ON FILE | X | | Second Earnout | | | | $35,396.86 |
| ACCOUNT NO.<br>THE MCMAHON TRANSPORTATION COMPANY<br>7479 NEW RIDGE ROAD<br>HANOVER, MD 21076 | | | Intercompany Claim | X | X | X | Undetermined |

Sheet no.  _19_ of _20_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 188,331.35

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>TIPPETT TRAVEL, INC.<br>220 S. DIXIE HWY, SUITE 2<br>LAKE WORTH, FL 33460 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TRYKAP AIRPORT SERVICES, INC.<br>4950 L.B. MCLEOD ROAD<br>ORLANDO, FL 32811 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TRYKAP TRANSPORTATION MANAGEMENT, INC.<br>4950 L.B. MCLEOD ROAD<br>ORLANDO, FL 32811 | | | Intercompany Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no.  20  of  20  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $ 6,117,379.55
(Use only on last page of the completed Schedule F.)    + Undetermined Amounts
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (04/10)

In re   **Coach Am Group Holdings Corp.**                              ,           Case No.   **12-10010 (KG)**
                          **Debtor**                                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GOEBEL, CHRISTOPHER V. ADDRESS ON FILE | Stock Purchase Agreement |
| GOEBEL, CHRISTOPHER V. ADDRESS ON FILE | Letter Agreement - First Earnout Allocations Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, CHRISTOPHER V. ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations Subordinated Promissory Notes - Date 1/17/11 |
| GOEBEL, JAMES B. ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations Subordinated Promissory Notes - Date 1/17/11 |
| GOEBEL, JAMES B. ADDRESS ON FILE | Letter Agreement - First Earnout Allocations Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, JAMES B. ADDRESS ON FILE | Stock Purchase Agreement |

B6G (Official Form 6G) (04/10) – Cont.

In re   Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                    **Debtor**                                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GOEBEL, JEFFREY<br>ADDRESS ON FILE | Stock Purchase Agreement |
| GOEBEL, JEFFREY<br>ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations<br>Subordinated Promissory Notes - Date 1/17/11 |
| GOEBEL, JEFFREY<br>ADDRESS ON FILE | Letter Agreement - First Earnout Allocations<br>Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, JOHN P.<br>ADDRESS ON FILE | Letter Agreement - First Earnout Allocations<br>Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, JOHN P.<br>ADDRESS ON FILE | Stock Purchase Agreement |
| GOEBEL, JOHN P.<br>ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations<br>Subordinated Promissory Notes - Date 1/17/11 |
| GOEBEL, MICHAEL F.<br>ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations<br>Subordinated Promissory Notes - Date 1/17/11 |

B6G (Official Form 6G) (04/10) – Cont.

In re   Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                        Debtor                                                              (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GOEBEL, MICHAEL F.<br>ADDRESS ON FILE | Letter Agreement - First Earnout Allocations<br>Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, MICHAEL F.<br>ADDRESS ON FILE | Stock Purchase Agreement |
| GOEBEL, THOMAS G.<br>ADDRESS ON FILE | Letter Agreement - First Earnout Allocations<br>Subordinated Promissory Notes - Date 3/26/09 |
| GOEBEL, THOMAS G.<br>ADDRESS ON FILE | Stock Purchase Agreement |
| GOEBEL, THOMAS G.<br>ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations<br>Subordinated Promissory Notes - Date 1/17/11 |
| KUCHTA, MAURA<br>ADDRESS ON FILE | Letter Agreement - First Earnout Allocations<br>Subordinated Promissory Notes - Date 3/26/09 |
| KUCHTA, MAURA<br>ADDRESS ON FILE | Letter Agreement - Second Earnout Allocations<br>Subordinated Promissory Notes - Date 1/17/11 |

B6G (Official Form 6G) (04/10) – Cont.

In re   Coach Am Group Holdings Corp.                    ,          Case No.   12-10010 (KG)
                    **Debtor**                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| KUCHTA, MAURA<br>ADDRESS ON FILE | Stock Purchase Agreement |
| | |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (04/10)**

In re   **Coach Am Group Holdings Corp.**                    ,          Case No.   **12-10010 (KG)**
                      **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See Attached Rider | |

**In re: Coach Am Group Holdings Corp.**                                    **Case No. 12-10010 (KG)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, TOM<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, TOM, SHAREHOLDER REPRESENTATIVE<br>C/O LAKEFRONT LINES, INC.<br>P.O. BOX 81172<br>13315 BROOKPARK RD<br>CLEVELAND, OH  44181 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, MICHAEL<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, JOHN<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, CHRISTOPHER V.<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, JAMES B.<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | GOEBEL, JEFFREY<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | KUCHTA, MAURA C.<br>ADDRESS ON FILE |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | ANTONIUS, LIS<br>129400 W. LINDEN LN.<br>PARMA, OH  44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | SMITH, KEN<br>25072 SADDLEHORN CIRCLE<br>COLUMBIA STATION, OH  44026 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | MAZZIO, MIKE<br>6362 CROSSVIEW RD.<br>SEVEN HILL, OH  44131 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | LUBIMIR, JOHN<br>3893 ASH DR.<br>ALLISON PARK, PA  15101 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX,  75206 | SHINADA, KATHY<br>5715 WEST LONGRIDGE DR.<br>PARMA, OH  44134 |

**In re: Coach Am Group Holdings Corp.**                    **Case No. 12-10010 (KG)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, CHRISTINE<br>9454 JUG ST.<br>PATASKALA, OH 43062 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, MIKE T.<br>6011 EDGEHILL DR.<br>PARMA HTS, OH 44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, PHILLIP<br>5840 PARKHILL DR.<br>PARMA HTS, OH 44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | KAMINSKI, REBECCA<br>7601 DARTWORTH AVE.<br>PARMA, OH 44129 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, DAVID<br>5840 PARKHILL DR.<br>PARMA HTS, OH 44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, RACHAEL<br>5840 PARKHILL DR.<br>PARMA HTS, OH 44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | GOEBEL, DANIELLE<br>5840 PARKHILL DR.<br>PARMA HTS, OH 44130 |
| COACH AMERICA GROUP HOLDINGS, L.P.<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS,TX, 75206 | STEC, FR. BOB<br>SAINT AMBROSE CATHOLIC CHURCH<br>929 PEARL RD.<br>BRUNSWICK, OH 44212 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, TOM<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, TOM, SHAREHOLDER REPRESENTATIVE<br>C/O LAKEFRONT LINES, INC.<br>P.O. BOX 81172<br>13315 BROOKPARK RD<br>CLEVELAND, OH 44181 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, MICHAEL<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, JOHN<br>ADDRESS ON FILE |

**In re: Coach Am Group Holdings Corp.**                                  **Case No. 12-10010 (KG)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, CHRISTOPHER V.<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, JAMES B.<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, JEFFREY<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | KUCHTA, MAURA C.<br>ADDRESS ON FILE |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | ANTONIUS, LIS<br>129400 W. LINDEN LN.<br>PARMA, OH 44130 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | SMITH, KEN<br>25072 SADDLEHORN CIRCLE<br>COLUMBIA STATION, OH 44026 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | MAZZIO, MIKE<br>6362 CROSSVIEW RD.<br>SEVEN HILL, OH 44131 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | LUBIMIR, JOHN<br>3893 ASH DR.<br>ALLISON PARK, PA 15101 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | SHINADA, KATHY<br>5715 WEST LONGRIDGE DR.<br>PARMA, OH 44134 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, CHRISTINE<br>9454 JUG ST.<br>PATASKALA, OH 43062 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY 10019 | GOEBEL, MIKE T.<br>6011 EDGEHILL DR.<br>PARMA HTS, OH 44130 |

**In re: Coach Am Group Holdings Corp.**                                    **Case No. 12-10010 (KG)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | GOEBEL, PHILLIP<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | KAMINSKI, REBECCA<br>7601 DARTWORTH AVE.<br>PARMA, OH  44129 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | GOEBEL, DAVID<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | GOEBEL, RACHAEL<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | GOEBEL, DANIELLE<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| COACH AM HOLDINGS CORP.<br>C/O FENWAY PARTNERS, LLC<br>152 WEST 57TH STREET<br>59TH FLOOR<br>NEW YORK, NY  10019 | STEC, FR. BOB<br>SAINT AMBROSE CATHOLIC CHURCH<br>929 PEARL RD.<br>BRUNSWICK, OH  44212 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, TOM<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, TOM, SHAREHOLDER REPRESENTATIVE<br>C/O LAKEFRONT LINES, INC.<br>P.O. BOX 81172<br>13315 BROOKPARK RD<br>CLEVELAND, OH  44181 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, MICHAEL<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, JOHN<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, CHRISTOPHER V.<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, JAMES B.<br>ADDRESS ON FILE |

**In re: Coach Am Group Holdings Corp.**                    **Case No. 12-10010 (KG)**

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, JEFFREY<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | KUCHTA, MAURA C.<br>ADDRESS ON FILE |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | ANTONIUS, LIS<br>129400 W. LINDEN LN.<br>PARMA, OH  44130 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | SMITH, KEN<br>25072 SADDLEHORN CIRCLE<br>COLUMBIA STATION, OH  44026 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | MAZZIO, MIKE<br>6362 CROSSVIEW RD.<br>SEVEN HILL, OH  44131 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | LUBIMIR, JOHN<br>3893 ASH DR.<br>ALLISON PARK, PA  15101 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | SHINADA, KATHY<br>5715 WEST LONGRIDGE DR.<br>PARMA, OH  44134 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, CHRISTINE<br>9454 JUG ST.<br>PATASKALA, OH  43062 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, MIKE T.<br>6011 EDGEHILL DR.<br>PARMA HTS, OH  44130 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, PHILLIP<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | KAMINSKI, REBECCA<br>7601 DARTWORTH AVE.<br>PARMA, OH  44129 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, DAVID<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, RACHAEL<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX  75206 | GOEBEL, DANIELLE<br>5840 PARKHILL DR.<br>PARMA HTS, OH  44130 |

**In re: Coach Am Group Holdings Corp.**                                    **Case No. 12-10010 (KG)**

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CUSA LEASING, LLC<br>8150 NORTH CENTRAL EXPRESSWAY<br>SUITE M-1000<br>DALLAS, TX 75206 | STEC, FR. BOB<br>SAINT AMBROSE CATHOLIC CHURCH<br>929 PEARL RD.<br>BRUNSWICK, OH 44212 |
| | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE : Coach Am Group Holdings Corp.                                              CASE NO. 12-10010 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____         Signature: _____
                                                                                      Debtor


Date _____         Signature: _____
                                                                               (Joint Debtor, if any)

[If joint case, both spouses must sign.]

................................................................................................................................................

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____         _____
Printed or Typed Name and Title, if any,                       Social Security No.
of Bankruptcy Petition Preparer                                  *( Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address


X _____         _____
Signature of Bankruptcy Petition Preparer                         Date


Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

................................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Authorized Agent</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date____3/2/2012_____         Signature : _/S/ Brian Cejka_____


                                                                         Brian Cejka - Authorized Agent
                                                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

................................................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*