IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| COACH AM GROUP | ) | Case No. 12-10010 (KG) |
| HOLDING CORP., <u>et al.</u>, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related Docket No. 276 |
| | ) | |

**OBJECTION OF JOHN SWITALSKI TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) EXTENDING THE AUTOMATIC STAY TO THE DEBTORS' DRIVERS TO PREVENT THE THREATENED FILING AND/OR PROSECUTION OF PERSONAL INJURY OR OTHER TORT ACTIONS**

John Switalski ("<u>Movant</u>"), by and through undersigned counsel, objects (the "<u>Objection</u>") to the Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 362(a) Extending the Automatic Stay to the Debtors' Drivers to Prevent the Threatened Filing and/or Prosecution of Personal Injury or Other Tort Actions (Docket No. 276) (the "<u>Motion</u>").  In support of the Objection, Movant, states as follows:

**OBJECTION**

1.     By the Motion, the above-captioned debtors (the "<u>Debtors</u>") seek to extend the automatic stay under 11 U.S.C. § 362(a) to their employee drivers.  The Debtors fail to indicate in the Motion the identity or number of drivers for whom they seek to extend the automatic stay. The Debtors also fail to indicate how many total drivers they employ, and of those how many of their drivers are impacted. By failing to provide the names of the drivers for whom they propose to extend the automatic stay, they leave creditors with pending law suits in the dark about whether the Motion and any order granting the Motion affects their pending litigation.[1]

---

[1] The Debtors just informed counsel to the Movant that the driver party in his litigation is still employed by the Debtors.  Thus, the any order granting the Motion would impact the Movant.

2. Not only is the Motion unclear, it is contrary to 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). "It is a tenet of bankruptcy law that the automatic stay provisions . . . apply only to debtors and do not prevent litigation from proceeding against non-debtors." *In re Desa Holdings Corp.*, 353 B.R. 419, 425 (Bankr. D. Del. 2006). "The automatic stay is not available to non bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Mother African Union Methodist Church v. Conf. of AUFCMP Church (In re Conf. of African Union First Colored Methodist Protestant Church)*, 184 B.R. 207, 214 (Bankr. D. Del. 1995) (citing *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)).

3. There may be "unusual circumstances" to warrant extension of the automatic stay to non-debtor parties. *See McCartney v. Integra National Bank North*, 106 F.3d 506, 510 (3d Cir. 1997). However, the instant case does not present the limited and "unusual circumstances" contemplated by *McCartney* in which it may be appropriate to extend the automatic stay to non-debtor parties. Such "unusual circumstances" are found only where "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *McCartney*, 106 F.3d at 510 (*quoting A.H. Robins Co., Inc v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). The driver defendants for whom the Debtors seek to extend the automatic stay are not associated with the Debtors such that a judgment against the individual driver results in a finding of liability against the Debtors. Thus, the circumstances do not warrant extending the automatic stay to the Debtors' drivers.

WHEREFORE, Movant requests that the Court deny the Motion and grant such other and further relief as this Court deems just and proper.

Dated: March 12, 2012

                            WOMBLE CARLYLE SANDRIDGE & RICE, LLP

                            */s/ Michael G. Busenkell*
                            Michael G. Busenkell (DE Bar No. 3933)
                            222 Delaware Avenue, Suite 1501
                            Wilmington, Delaware 19801
                            Telephone: (302) 252-4320
                            Facsimile: (302) 252-4330
                            E-mail: MBusenkell@wcsr.com

                            *Counsel for John Switalski*