## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | CHAPTER 11 |
| | ) | |
| COACH AM GROUP HOLDING CORP., *et al.*, | ) | Case No. 12-10010 (KG) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | **Re: Docket No. 1482** |

**LIMITED OBJECTION AND
RESERVATION OF RIGHTS OF THE ESTATE
OF TODD BURCKHARD AND THE ESTATE OF
BLAINE MACK TO THE MOTION OF THE DEBTORS
FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a),
349 AND 1112(b) AND FED. R. BANKR. P. 1017(a) (A) APPROVING
THE TRUST AGREEMENTS, (B) AUTHORIZING THE TRANSFER
OF REMAINING ASSETS TO THE LENDER TRUSTEE, (C) DISMISSING
THE DEBTORS' CHAPTER 11 CASES AND (D) GRANTING RELATED RELIEF**

The Estate of Todd Burckhard and the Estate of Blaine Mack ("Objectors") file this limited objection and reservation of rights (the "Objection") in reference to the above-debtors' ("Debtors") motion to dismiss and for related relief (the "Motion to Dismiss", D.I. 1482).

1.      As the Court may recall, approximately one year ago, the Objectors and many other wrongful-death and personal injury claimants (collectively, the "PI Claimants") filed motions for relief from the automatic stay (the "Stay Relief Motions") to pursue their claims in appropriate venues.

2.      Following extensive proceedings and negotiations, the Court granted the Stay Relief Motions under its Order Granting Stay Relief dated April 30, 2012, DI 649 (the "Stay Relief Order").

3.      Under the Stay Relief Order, the PI Claimants, including the Objectors, were granted relief from the automatic stay to commence and pursue actions against Debtors and third parties in appropriate fora.

4.      An important aspect of the Stay Relief Order is that it expressly preserved the PI Claimants' claims against the Debtors.

5.      Paragraph 15 of the proposed order accompanying the Motion to Dismiss states:

> 15. From and after the date of this Order, the Debtors, the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Lender Trustee, the Lender Trust and the Creditors' Committee, and the respective present or former officers, directors, employees, members, attorneys, consultants, advisors and agents of the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Lender Trustee, the Lender Trust and the Lenders' Committee, are hereby released from any and all claims of whatever kind or nature of the Debtors, the Creditors' Committee, creditors of the Debtors' estates and any other party in interest in these Chapter 11 cases, such that, except as otherwise provided herein, all creditors and other parties are barred from pursuing any remedies that they have with respect to claims against any Debtor, or against any third party as such claims relate to any Debtor.

6.      Thus, the proposed order approving the dismissal of these cases effectively contains a broad discharge and release that extends not only to claims against the Debtors, but to a long list of other parties including "any third party as such claims relate to any Debtor" and any "agents" of the Debtors.  Hence, despite the fact that this order is being sought outside of the plan, the Debtors essentially seek a discharge that would be far broader than available under 11 U.S.C. § 1141.

7.      Indeed, this language, if read literally, could arguably be construed even to bar the pursuit of claims against the Debtors, third parties and insurers.[1]

8.      The Motion to Dismiss should be denied to the extent that it seeks to affect the rights, claims, remedies or procedural status of any claims or actions asserted by the Objectors.

---

[1] This is, unfortunately, not the first time that Objectors have been subject to efforts by the Debtors to prejudice their rights.  Debtors filed an adversary proceeding in this Court seeking to declare the respective rights of the Objectors in certain insurance proceeds.  That action was later dismissed voluntarily.  They also removed the wrongful death actions commenced by the Objectors to Federal Court and initially stated they intended to seek a transfer of venue of these actions to Delaware.

9.    Moreover, it is not clear from the Motion to Dismiss and the accompanying papers whether PI Claimants may participate in any distribution from the GUC Trust.    In particular, Objectors cannot find where the term "Beneficiaries" is defined in either the Motion to Dismiss or the Final DIP Order.

WHEREFORE, Claimants request that the Court deny the Motion to Dismiss or, alternatively, clarify the order such that that it is clear that nothing in the order shall have any effect on the claims of Objectors against Debtors, any insurer or any other party.

DATED: May 1, 2013

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

*Counsel for Estate of Todd Burckhard and
the Estate of Blaine Mack*