**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COACH AM GROUP HOLDINGS | ) | Case No. 12-10010 (KG) |
| CORP., *et al.*,[1] | ) | Jointly Administered |
| | ) | **Hearing Date: May 8, 2013 @ 2:45 p.m.** |
| Debtors. | ) | **Obj. Deadline: May 1, 2013 @ 4:00 p.m.** |

**OBJECTION OF CERTAIN TORT CLAIMANTS TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 349
AND 1112(b) AND FED. R. BANKR. P. 1017(a) (A) APPROVING THE TRUST
AGREEMENTS, (B) AUTHORIZING THE TRANSFER OF REMAINING
ASSETS TO THE LENDER TRUSTEE, (C) DISMISSING THE DEBTORS'
<u>CHAPTER 11 CASES AND (D) GRANTING RELATED RELIEF</u>**

Certain tort claimants (the "Claimants"), through the undersigned law firm, hereby submit their objection (the "Objection") to the above-captioned Debtors' *Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 349 and 1112(b), and Fed. R. Bankr. P. 1017(a) (A) Approving the Trust Agreements, (B) Authorizing the Transfer of Remaining Assets to the Lender Trustee, (C) Dismissing the Debtors' Chapter 11 Cases and (D) Granting Related Relief* (the "Dismissal Motion") (D.I. 1482; filed 04/17/2013). In support of their Objection, the Claimants state the following:

---

[1] Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); American Coach Lines of Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); Dillon's Bus Service, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); Lakefront Lines, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784). The Debtors' corporate offices are located at 8150 North Central Expressway, Suite M1000, Dallas, Texas 75206.

1.  The Claimants, Rosalinda Simon and Diego Acosta, are plaintiffs in a state court action pending in the District Court of Val Verde County, Texas (the "State Court Action"). The State Court Action relates to a vehicular collision occurring on or about June 6, 2011 on Interstate 10 near Mobile, Alabama, in which Diego Acosta, a passenger on a charter bus owned and operated by one or more of the Debtors, was injured. The State Court Action alleges that the Debtors' negligence was the proximate cause of the Plaintiffs' injuries (as more thoroughly described in the initial complaint).

2.  The Debtors' January 3, 2012 petition for relief under chapter 11 of the Bankruptcy Code stayed the State Court Action with respect to the Debtors, although not with respect to certain other Defendants in the State Court Action who are not Debtors and who have never enjoyed the protections of the automatic stay. Stay relief with respect to the Claimants' tort claims against the Debtors was granted by this Court on April 30, 2012 (D.I. 649), when it entered its Order permitting the Claimants, among others, to pursue their causes of action in state court.[2]

3.  Paragraph 15 of the "Proposed Order" purports to grant the Debtors, among other parties, a release from:

> any and all claims of whatever kind or nature ... [of the] creditors of the Debtors' estates and any other party in interest in these chapter 11 cases, such that, except as otherwise provided herein, all creditors and other parties are barred from pursuing any remedies that they have with respect to **claims against any Debtor, or against any third party as such claims relate to any Debtor**.

---

[2] Undersigned bankruptcy counsel represented twenty other tort claimants, who obtained stay relief by filing Joinders pursuant to the procedures set forth in the April 30, 2012 Order. It is expected that these claimants would also join in the relief requested herein.

See Proposed Order, ¶ 15, submitted with Dismissal Motion (emphasis supplied). This blanket release is separate from, or additional to, the releases granted to the First Lien Lenders and the Lender Trust in connection with the Carve-Out. <u>Cf.</u> Proposed Order, ¶ 14.

4. The Motion offers no justification for this extremely broad release, and none exists. As this Court knows, various tort claimants, in addition to the Claimants, are pursuing claims against the Debtors as well as certain of their employees and/or agents in state court actions that were the subject of prior stay relief motions and related joinders. These causes of action are generally covered by the Debtors' insurance programs. As discussed above, in its April 30, 2012 Order, this Court granted stay relief to tort claimants to pursue their state court actions, and to collect on any judgments or settlements obtained from the Debtors' insurers, as applicable.

5. The Debtors' proposed form of order, however, includes language that would give the Debtors a release in each of these causes of action, including the State Court Action, and would also bar the claimants from "pursuing any remedies that they have … against any third party as such claims relate to any Debtor." These provisions, were they adopted, would grant both the Debtors and their insurers a release from the claims of the state court claimants which they were expressly permitted to pursue under the applicable terms of the stay relief orders approved by this Court in 2012.[3] Moreover, this relief is extraneous to the other relief requested in the Dismissal Motion and is irrelevant to achieving its stated objectives.

---

[3] Furthermore, although paragraph 4 of the proposed order states that, "[n]otwithstanding section 349 of the Bankruptcy Code, all prior Orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases," this paragraph's "savings clause" is inherently ambiguous. First, paragraph 15's broad release is in obvious tension with paragraph 4's attempt to narrow the scope of the relief contained in this structured dismissal. Second, additional tort claimants received relief from the automatic stay through joinder, as was permitted by the terms of the April 30, 2012 Order. These tort claimants therefore are potentially left exposed to the impact of paragraph 15's unjustifiably broad release without the purported protections of paragraph 4's ambiguous "savings clause" since they are, technically, not the beneficiaries of any "prior Order."

6.  While structured dismissals have been challenged as contrary to the Bankruptcy Code, even where they have been permitted they have not served as vehicles for releasing Debtors from pre-petition claims or post-petition conduct related to the continued operation of the Debtors' businesses.  Other sections of the Bankruptcy Code address how to effect a discharge of pre-petition claims, but sections 349 and 1112 do not.  This Court should deny the Dismissal Motion unless it strikes the release language of paragraph 15 as it relates to the Debtors and/or their officers, directors, agents and employees, as well as any other provisions of the Order or the Trust documents (including any revised versions) containing language which could be interpreted to release the Debtors or their officers, directors, agents and employees or which could otherwise impact insurance coverage for these claims.

7.  Finally, the Claimants note that the relief sought in paragraph 15 of the Order is broader than the relief described in the section of the Motion which relates to the proposed releases, in that paragraph 66 of the Motion—identifying "Related Relief" sought under the Motion—does not identify the Debtors as a party which will be receiving a release of all claims, except in the explanatory sentence at the end of the paragraph.  Regardless, the Motion provides no argument or legal justification for the release sought by the Debtors.  To the extent the Debtors present additional argument or authority on this point in a reply or other filing, the Claimants reserve the right to file a further response on this issue.

**WHEREFORE**, the Claimants respectfully request that this Court (i) enter an order containing language consistent with the limited objection contained in the preceding paragraph; and (ii) grant such other relief as the Court deems just and proper under the circumstances.

| | | |
|---|---|---|
| Dated: | May 1, 2013<br>Wilmington, Delaware | **SULLIVAN · HAZELTINE · ALLINSON LLC** |

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
Seth S. Brostoff (No. 5312)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel:  (302) 428-8191
Fax: (302) 428-8195

-- AND --

Arturo J. Gonzalez, Esq.
**Bryant Gonzalez**
Tradition Bank Plaza
5020 Montrose, 7th Floor
Houston, TX 77006
Tel: (832) 487-0880

*Attorneys for Rosalinda Simon and Diego Acosta*