Chapter 11
Case No. 12-10010 (KG)

In re:
COACH AM GROUP HOLDINGS CORP.
Debtor

FILED

'13 MAY -2 AM 9:30

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Michael Yusim
7499 Eagle Point Drive
Delray Beach, Florida 33446

April 29, 2013

Honorable Kevin Gross
United States Bankruptcy Judge
United States Bankruptcy Court District of Delaware
824 North Market Street
Wilmington, Delaware 19801

Dear Judge Gross,

I object to the Motion of the Debtors to dismiss the Debtor's Chapter 11 cases and grant related relief **(Docket No. 1482)**.

I have repeatedly argued that my case before the Secretary of Labor (2010-STA-00066), and Zachary Joyner's case before the Secretary of Labor (2011-STA-00042), should be withdrawn under 28 USC 157(d), because the resolution of both cases requires consideration of laws of the United States regulating organizations or activities affecting interstate commerce; namely, the Federal Motor Carrier Safety Administration hours of service regulations.

*28 USC 157(d)*
*The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United*

*States regulating organizations or activities affecting interstate commerce.*

On September 20, 2012, I sent a letter to the Bankruptcy Court, specifically asking that my case and Zachary's case before the Secretary of Labor be withdrawn under 28 USC 157(d) (**Docket No. 1181**). The Bankruptcy Court did not respond to that letter. That letter has simply remained on the docket, without any action on the part of the Bankruptcy Court.

My understanding is that the withdrawal decision under 28 USC 157(d) is to be made by the District Court; not the Bankruptcy Court. I do not understand why the Bankruptcy Court has failed to forward my withdrawal request under 28 USC 157(d) to the District Court.

As stated in the Federal Rules of Bankruptcy Procedure Advisory Committee Note (1987), "Subdivision (a) of this rule makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court."

*Motions for withdrawal pursuant to 28 U.S.C. §157(d) or abstention pursuant to 28 U.S.C. §1334(c), like all other motions, are to be filed with the clerk as required by Rule 5005(a). If a bankruptcy clerk has been appointed for the district, all motions are filed with the bankruptcy clerk. The method for forwarding withdrawal motions to the district court will be established by administrative procedures.*

*Subdivision (a). Section 157(d) permits the district court to order withdrawal on its own motion or the motion of a party. Subdivision (a) of this rule makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court.*

Accurately reporting hours on duty in accordance with the FMCSA hours of service regulations is essential to the regulation of interstate commerce in the motor carrier industry. Furthermore, accurately reporting hours on duty is an activity protected by Federal law 49 USC 31105(a)(1)(C).

*49 USC § 31105. EMPLOYEE PROTECTIONS*
*(a) Prohibitions.— (1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because— (C) the employee accurately reports hours on duty pursuant to chapter 315;*

Midnight Sun Tours has undermined the FMCSA hours of service regulations governing interstate commerce in the motor carrier by firing drivers who refused to falsify their records of duty status,

thereby violating 48 USC 31105(a)(1)(C); and then evaded the consequences of that violation, 49 USC 31105(b)(3), by seeking the protection of the Bankruptcy Court.

*49 USC 31105*
*(b) Filing Complaints and Procedures.—(3)*
*(A) If the Secretary of Labor decides, on the basis of a complaint, a person violated subsection (a) of this section, the Secretary of Labor shall order the person to—*
*(i) take affirmative action to abate the violation;*
*(ii) reinstate the complainant to the former position with the same pay and terms and privileges of employment; and*
*(iii) pay compensatory damages, including backpay with interest and compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.*
*(B) If the Secretary of Labor issues an order under subparagraph (A) of this paragraph and the complainant requests, the Secretary of Labor may assess against the person against whom the order is issued the costs (including attorney fees) reasonably incurred by the complainant in bringing the complaint. The Secretary of Labor shall determine the costs that reasonably were incurred.*
*(C) Relief in any action under subsection (b) may include punitive damages in an amount not to exceed $250,000.*

It is because our cases before the Secretary of Labor raise issues that concern the meaning of the Guidance to the FMCSA hours of service regulations, which in turn have a bearing on the regulation of interstate commerce in the motor carrier industry, that our case before the Secretary of Labor do not belong in the Bankruptcy Court; but rather, should be withdrawn by the District Court under 28 USC 157(d).

However, for reasons that I do not understand, the Bankruptcy Court has failed to forward our cases before the Secretary of Labor to the District Court for removal consideration under 28 USC 157(d).

I therefore ask that the Bankruptcy Court DENY the dismissal of the Debtors chapter 11 cases until such time as the Bankruptcy Court has forwarded my case before the Secretary of Labor, and Zachary Joyner's case before the Secretary of Labor, to the District Court for withdrawal consideration under 28 USC 157(d).

Sincerely,

Michael Yusim

cc:

Sharon Levine, Esq.
S. Jason Teele, Esq.
Nicole Stefanelli, Esq.
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, New Jersey 07068

Christopher A. Ward
Justin K. Edelson
POLSINELLI SHUGART
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801