# **Exhibit B**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| COACH AM GROUP HOLDINGS CORP., _et al_.[1] | Case No. 12-10010 (KG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. ~~——~~ **1482** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b) AND BANKRUPTCY RULE 1017(a) (A) APPROVING TRUST AGREEMENTS, (B) AUTHORIZING THE TRANSFER OF REMAINING ASSETS TO THE LENDER TRUSTEE, (C) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 349 and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), approving the Trust Agreements, authorizing the transfer of the Remaining Assets, dismissing the Debtors' chapter 11 cases and granting related relief; and the

---

[1] Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); CUSA Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); CUSA Dillon's, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); CUSA LL, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784). The Debtors' corporate offices are located at 8150 North Central Expressway, Suite M1000, Dallas, Texas 75206.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court; and after due deliberation and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

  1.  The Motion is granted as set forth herein.

  2.  Pursuant to section 1112(b) of the Bankruptcy Code, the Debtors' Chapter 11 Cases are hereby dismissed except as provided in paragraph 17 hereof.

  ~~4. A final omnibus fee hearing will be held on _____ \_\_\_\_, 2013 at \_\_:\_\_ \_.m. (prevailing Eastern time) (the "**Final Fee Hearing**"). All professionals retained in the Chapter 11 Cases shall file final requests for allowance and payment of all fees and expenses incurred during the Chapter 11 Cases in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 157] so as to be heard at the Final Fee Hearing.~~

  3.  ~~5.~~Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of this Court entered in the Chapter 11 Cases shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Cases. Notwithstanding the generality of the foregoing, nothing in the Motion, this Order, the GUC Trust Agreement or the Lender Trust Agreement shall affect or prejudice the *Order Granting Motions for Relief from the Automatic Stay*, entered on April 30,

2012 [Docket No. 649] (the "**4/30/12 Relief from Stay Order**") or the Joinder Agreements subsequently filed in connection with the 4/30/12 Relief from Stay Order, the actions and claims relating to the 4/30/12 Relief from Stay Order and the Joinder Agreements thereto, or insurance coverage applicable to the actions and claims relating to the 4/30/12 Relief from Stay Order and the Joinder Agreements thereto.

5. ~~6.~~ The GUC Trust Agreement is hereby approved. The Debtors, the GUC Trustee and the Creditors' Committee are authorized to take all actions and execute all documents that are reasonably required to implement and effectuate the terms of the GUC Trust Agreement.

6. ~~7.~~ Within fifteen (15) days of the entry of this Order, the Debtors shall transfer the remainder of the GUC Trust Funds to the GUC Trustee in accordance with paragraphs 19(b)(ii) and (iii) of the Final DIP Order.

7. ~~8.~~ The GUC Trustee is authorized to administer the GUC Trust and distribute the GUC Trust Funds pursuant to the terms of the GUC Trust Agreement and prosecute claims objections (notwithstanding that such claims may not have been filed against Debtor Coach Am Group Holdings Corp.), with all related professional fees and expenses, including those of the Debtors' professionals, to be paid solely out of the GUC Trust.

8. ~~9.~~ Within fifteen (15) days of the entry of this Order, the Debtors shall pay all outstanding United States Trustee fees pursuant to 28 U.S.C. § 1930.

9. ~~10.~~ The Debtors are authorized and directed to transfer the Adequate Assurance Deposit (as such term is defined in the *Final Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (i) Prohibiting Utility Providers from Discontinuing, Altering or Refusing Service on Account of Prepetition Invoices, (ii) Deeming Utility Providers to Have Adequate Assurance of Future Payment, and (iii) Establishing Procedures for Resolving Requests for Additional Assurance*, entered on January 27, 2012 [Docket No. 292]) to the Lender Trust.

10. ~~11.~~ The Lender Trust Agreement is hereby approved. The Debtors, the Lender Trustee and the Prepetition First Lien Agent are authorized to take all actions and execute

all documents that are reasonably required to implement and effectuate the terms of the Lender Trust Agreement.

11. ~~12.~~Upon entry of this Order, the Debtors shall be deemed to have transferred all rights, title and interests in the Remaining Assets to the Lender Trustee, to be held in trust for the Beneficiary (as defined in the Lender Trust Agreement), subject to the terms of the Lender Trust Agreement, free and clear of all liens, claims, encumbrances, and other interests, and the Debtors shall have no further interest in or with respect to such Remaining Assets, and, other than the remaining GUC Trust Funds and the Holdback Amount, all cash that from time to time comes into the possession of the Debtors' estates (whether from proceeds of sales or other monetization of assets, uncollected receivables, tax refunds, pending causes of action, release of cash collateral supporting letters of credit or otherwise) shall be turned over to the Lender Trustee to be held in trust for the Beneficiary subject to the terms of the Lender Trust Agreement. To the extent that the Remaining Assets include any interest in any insurance policies issued by National Union Fire Insurance Company of Pittsburgh, PA and/or certain of its affiliates (collectively, "**AIG**"), or agreements related thereto, or any collateral presently held by AIG pursuant to any such agreement, any interests in such assets are transferred to the Lender Trust subject to all the terms and conditions of such agreements, including any obligation to arbitrate any dispute arising from or in connection therewith, and nothing herein is intended to nor shall it alter any terms or conditions of such agreements.

12. ~~13.~~The Holdback Amount may only be used as set forth in the Motion; *provided, however*, that the Holdback Amount shall be deemed to include $1,151,324.75 solely for the purpose of satisfying any valid unpaid ordinary course trade payables to Bridgestone Americas Tire Operations, LLC ("**Bridgestone**") and incurred by the Debtors between the Petition Date and the Coach USA Closing Date and not assumed by Coach USA or any other purchaser; the dispute over which shall be heard by this Court on June 6, 2013 at 2:00 pm.

13. ~~14.~~The liens, claims and interests of the Prepetition First Lien Agent and the Prepetition First Lien Lenders shall extend to the Holdback Amount, and any portion of the

Holdback Amount that has not been paid out after three months shall be turned over to the Lender Trustee.

14.    ~~15.~~From and after the date of this Order, the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Lender Trustee and the Lender Trust shall not be liable for any funding of, or the making of any payments related to, or obligations of the Debtors' estates, including, without limitation, payment of any claims of any creditors of the Debtors (including, without limitation, any further funding of the Wind-Down Carve Out Account), none of which shall be chargeable to, or be the responsibility of, the Prepetition First Lien Agent ~~or~~, the Prepetition First Lien Lenders, the Lender Trustee or the Lender Trust.

15.    From and after the date of this Order, ~~the Debtors~~, the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Lender Trustee, the Lender Trust and the Creditors' Committee, and the respective present or former officers, directors, employees, members, attorneys, consultants, advisors and agents of the Debtors, the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Lender Trustee, the Lender Trust and the ~~Lenders~~Creditors' Committee, are hereby released from any and all claims of whatever kind or nature of the Debtors, the Creditors' Committee, creditors of the Debtors' estates and any other party in interest in these Chapter 11 cases, such that, except as otherwise provided herein, all creditors and other parties are barred from pursuing any remedies that they have with respect to claims against any ~~Debtor, or against any third party as such claims relate to any Debtor.~~ of the parties released pursuant to this paragraph; *provided, however*, that nothing in this paragraph 14 nor any other provisions of this Order shall release or bar any claims, causes of action or remedies that any party to the 4/30/12 Relief from Stay Order or the Joinder Agreements subsequently filed in connection with the 4/30/12 Relief from Stay Order has or may have, including against any of the Debtors' insurance policies or any other person or entity; *provided, further*, that any rights, claims, causes of action or remedies of any party released in this Order against whom a claim or cause of action is brought by a party not granting a release in the Order arising out of or related to such claim or cause of action are hereby preserved

16.    ~~17.~~From and after the date of this Order, none of the Debtors, nor the Prepetition First Lien Agent, the Prepetition First Lien Lenders, the Creditors' Committee or the respective present or former officers, directors, employees, members, attorneys, consultants, advisors and agents of the Debtors, Prepetition First Lien Agent, the Prepetition First Lien Lenders, and the Creditors' Committee, shall have or incur any liability to any person for any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation or consummation of the Motion or this Order (other than in contravention of the Motion or the implementation of this Order), or any contract, instrument, release or agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Motion or this Order.

17.    AIG filed an administrative expense claim on or about February 4, 2013, in the amount of $36,225,178.00 (the "**AIG Administrative Expense Claim**") and a general unsecured claim on or about April 2, 2012 (the "**AIG General Unsecured Claim**", and together with the AIG Administrative Expense Claim, the "**AIG Claims**").  Any collateral applied by AIG to the AIG Claims shall be deemed to be first in satisfaction of the AIG Administrative Expense Claim and thereafter in satisfaction of the AIG General Unsecured Claim.  For the avoidance of doubt, to the extent the AIG General Unsecured Claim is allowed, AIG shall be a beneficiary of the GUC Trust and shall share in the GUC Trust Funds pari passu with the other beneficiaries of the GUC Trust Agreement up to the amount of its unpaid AIG General Unsecured Claim.  The rights of all parties, including the GUC Trust and the Creditors' Committee, are preserved with respect to challenging the AIG Claims, and AIG's rights with respect thereto are also preserved.  Notwithstanding anything in this Order to the contrary, AIG shall not be bound by paragraph 14 of this Order.  Furthermore, notwithstanding paragraph 3 of this Order, any arguments that AIG may have regarding the enforceability of any prior Orders entered in these Chapter 11 Cases based on an allegation that AIG was improperly not served with the Motion related to such Orders are hereby preserved, and the Debtors' and all other parties rights to object to such arguments with respect thereto are also preserved, and this Order

-7-

does not impair any rights AIG may have had prior to entry of this Order against any non-Debtor entity, and the rights of such non-Debtor entities with respect thereto are hereby preserved.

18. Until the earlier of (i) 90 days from the date of this Order or (ii) resolution of all objections to claims filed on behalf of the GUC Trustee and entry of orders on the final fee applications of all professionals retained in the Chapter 11 Cases and related issues of professionals retained in the Chapter 11 Cases, the chapter 11 case of Debtor Coach Am Group Holdings Corp. shall remain open solely for the purposes of allowing the consumer privacy ombudsman appointed in these Chapter 11 Cases to file her final report and adjudicating (i) final fee applications, (ii) any objections to claims filed on behalf of the GUC Trustee, (iii) the *Motion to Compel Los Angeles World Airports to Turnover Property of the Debtors' Estates* [Docket No. 1481], (iv) the resolution of claims held by Sierra Liquidity Fund, LLC and (v) the resolution of Bridgestone's alleged post-petition claims and any other litigation related thereto, and, upon such earlier date, shall be closed upon the entry of an order closing its chapter 11 case, which order shall be entered upon certification of counsel.

19. Notwithstanding anything in this Order to the contrary, any United States Trustee fees pursuant to 28 U.S.C. § 1930(a)(6) that are not paid from the Holdback Amount shall be paid from the Lender Trust.

20. ~~18.~~Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in the Chapter 11 Cases~~, to adjudicate final fee applications and related issues of professionals retained in the Chapter 11 Cases and to adjudicate any objections to claims filed on behalf of the GUC Trustee~~. Nothing herein shall be deemed consent by AIG to Bankruptcy Court jurisdiction, nor shall it impair AIG's rights with respect to arbitration.

21. ~~19.~~To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

-8-

Dated: _____May\_\_\_\_, 2013
      Wilmington, Delaware

                                        _____
                                        HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE