# Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------x
                                              :
In re:                                        :        **Chapter 11**
                                              :
**TSIC, Inc. f/k/a Sharper Image Corporation,**[1]   :        **Case No. 08-10322 (KG)**
                                              :
    **Debtor.**                                   :        $Re: D.I. No 2465$
                                              :
                                              :
----------------------------------------------------------------------x

### ORDER GRANTING JOINT MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a), 305(a), AND 1112(b) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR (A) THE DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE, (B) THE DISTRIBUTION OF CERTAIN FUNDS TO HOLDERS OF ALLOWED UNSECURED CLAIMS, AND (C) THE DISALLOWANCE OF <u>CERTAIN GIFT CARD CLAIMS AND (II) GRANTING CERTAIN RELATED RELIEF</u>

Upon the joint motion (the "<u>Joint Motion</u>") of TSIC, Inc., f/k/a Sharper Image

Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the

"<u>Debtor</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), pursuant to

sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, for the entry of an order

(I) approving procedures for (a) the dismissal of the Debtor's chapter 11 case, (b) the

reconciliation, resolution and allowance of unsecured claims against the Debtor and the making

of distributions to holders of such allowed claims, and (c) the disallowance of certain gift card

claims and (II) granting certain related relief; and this Court having reviewed the Joint Motion

and the Palmer Declaration[2] and having conducted a hearing on the Joint Motion, at which time

---

[1] The address of the Debtor's principal executive offices is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. The Debtor's EIN is 94-2493558.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Joint Motion with the exception of the term "Disallowed Gift Card Schedule" which is referred to herein as the "Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule."

the Debtor, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that sufficient notice of the Joint Motion having been given to parties-in-interest; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon was adequate and sufficient under the circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Joint Motion is hereby GRANTED, to the extent set forth herein.

2.      Counsel for the Committee is authorized to distribute the funds held in the GUC Escrow Account pursuant to the terms of this Order.

3.      The following procedures shall govern the reconciliation, resolution and allowance of all unsecured claims asserted against the Debtor and the distributions to be made to holders of Allowed Unsecured Claims (the "Claims Resolution Process"):

      a.      with respect to those unsecured claims that have not, as of the Joint Motion, been resolved by prior order of the Court, the claim amount asserted by a person or entity (each a "Claimant") who has filed an unsecured claim (or, in the absence of such a filing, the claim as provided in (i) the Debtor's schedules or (ii) schedule 5c of the Debtor's June 2012 Monthly Operating Report, whichever is larger) shall be deemed the allowed amount of such

2

claim for purposes of the distribution to be made from the GUC Escrow Account (each an "Allowed Unsecured Claim");

b.  By no later than 7 business days after entry of this Order, counsel to the Debtor shall serve the notice attached hereto as **Exhibit A** (the "Allowed Claims Notice") on all Claimants; provided, however, that the Allowed Claims Notice served on those Claimants who are listed on the Claims Schedule shall also include a copy of the Claims Schedule, sorted alphabetically.

c.  if a Claimant or other party (a) disputes the amount of the Allowed Unsecured Claim set forth on the Claim Schedule or (b) wishes to assert a claim that is not reflected on the Claim Schedule, such Claimant or other party (an "Objecting Party") shall be encouraged to contact counsel for the Committee informally and attempt to resolve its dispute amicably, without the need to file a formal Claim Objection, as defined in paragraph 3(d) below; provided, however that unless such Objecting Party has reached an agreement with counsel to the Committee regarding such Objecting Party's objection prior to the Objection Deadline, as defined in paragraph 3(d) below, the Objecting Party is required to file a Claim Objection by the Objection Deadline, notwithstanding that the Objecting Party may have reached out to counsel to the Committee in an attempt to resolve the objection.[3]  For the avoidance of doubt, to the extent a Claimant or other party wishes to assert a claim that is not reflected on the Claim Schedule, the Claimant or other party need not file a proof of claim, and instead need only

---

[3] Committee counsel should be contacted by e-mail at dkatz@cooley.com or by phone at (212) 479-6457.

file a Claim Objection identifying the party asserting a right to payment, the amount claimed to be owed, and attaching any supporting documentation.

d.    if an Objecting Party wishes to file a formal objection, the Objecting Party shall be required to file such objection with the Court, together with documentation supporting its claim or objection (each a "Claim Objection") on or before 4:00 p.m. Eastern Time on _September 21_ , 2012 (the "Objection Deadline") and serve such Claim Objection on counsel for the Debtor and the Committee so as to be received by the Objection Deadline.  In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity;

e.    the Committee shall be authorized to resolve any Claim Objection without further order of the Court.  If counsel for the Committee and the Objecting Party cannot agree on a resolution, then an omnibus hearing to consider any such Claim Objection(s) will be held on _October 4_ , 2012 at _2:00 p.m._ Eastern Time (the "Claims Hearing");

f.    in the event that no Claim Objection is filed, or if all Claim Objections have been resolved prior to the Claims Hearing, counsel to the Committee will file with the Court a Certification of Counsel and Proposed Order Authorizing Distribution on Account of Allowed Unsecured Claims and scheduling Final Fee Hearing, substantially in the form annexed hereto as **Exhibit B** (the "Distribution Order").  The Distribution Order will (a) highlight any modifications made to the Claim Schedule, if any, to reflect agreements reached to resolve any formal or informal Claim

Objections (b) authorize Committee counsel to make distributions on account of the Allowed Unsecured Claims identified in the Claim Schedule annexed to the Distribution Order, and (c) schedule a final fee hearing. The Distribution Order, with all attachments, shall be served on (a) all parties listed on the Claims Schedule, (b) all parties who have filed a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 (the "2002 Service List"), (c) the U.S. Trustee and (d) all professionals who have been retained in these cases;

g. in the event that one or more Claim Objections is filed and not resolved prior to the Claims Hearing, counsel to the Committee will submit to the Court a proposed Distribution Order promptly following the Court's ruling on such Claim Objection(s);

h. any Claimant or other interested party who does not timely file a Claim Objection shall be barred from subsequently asserting an unsecured claim against the GUC Escrow Account or from challenging the proposed Allowed Unsecured Claim amounts set forth in the Claim Schedule; and

i. distributions on account of Allowed Unsecured Claims will be made by Committee counsel from the funds held in the GUC Escrow Account within 30 days of the Court's entry of the Distribution Order.

4. Committee counsel shall be permitted to reserve $50,000 from the GUC Escrow Account to pay the fees and expenses of Committee counsel incurred in connection with the preparation and prosecution of the Joint Motion, as well as the services to be rendered in

5

connection with prosecuting the Claim Objections, to the extent any are filed, making of distributions from the GUC Escrow Account and dismissal of the chapter 11 case.

5.    The requirements of Bankruptcy Rule 3007 and Local Rule 3007-1, with regard to claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process and the merchandise certificate and rewards card claims disallowance process.

6.    Counsel to the Committee shall administer distributions to holders of Allowed Unsecured Claims from the funds held in the GUC Escrow Account in accordance with the following guidelines governing distributions:

      a.    the Committee shall be authorized to make a single distribution to creditors of the funds held in the GUC Escrow Account;

      b.    the Committee shall withhold from making any distribution on account of an Allowed Unsecured Claim where such distribution would be for the amount of less than $50;

      c.    any distributed check that has not been claimed and/or cashed within 60 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor; and

      d.    any funds remaining in the GUC Escrow Account after the expiration of the Check Cashing Period and funds not distributed because distribution amounts fell below the Distribution Threshold shall be remitted to the Debtor to be used to pay administrative and/or priority claims not otherwise paid from estate funds.

7.      After all distributions to holders of Allowed Unsecured Claims are made, but before the Certification of Counsel and Request for Dismissal is filed, the Debtor shall schedule a final omnibus fee hearing and professionals shall each be required to file a final request for allowance and payment of all fees and expenses incurred during this case.

8.      By no later than 7 business days after entry of this Order, counsel to the Debtor shall serve the notice attached hereto as **Exhibit C** (the "Disallowed Merchandise Certificate and Rewards Cards Notice"), together with the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, on all parties listed on that schedule.

9.      If a claimant wishes to object to the treatment of its claim as set forth on the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, such claimant must file an objection with the Court on or before 4:00 p.m. Eastern Time on September 21, 2012 (the "Disallowed Merchandise Certificate and Rewards Cards Objection Deadline") and serve such objection on counsel to the Committee and the Debtor by the Disallowed Merchandise Certificate and Rewards Cards Objection Deadline.  In the event an objection (the "Merchandise Certificate and Rewards Cards Objections") is filed, then an omnibus hearing to consider any and all Merchandise Certificate and Rewards Cards Objections will be held on October 4, 2012 at 2:00 P.M. Eastern Time (the "Gift Card Claims Hearing").

10.      In the event that no Merchandise Certificate and Rewards Cards Objections are filed, or if all Merchandise Certificate and Rewards Cards Objections have been resolved prior to the Gift Card Claims Hearing, counsel to the Debtor will file with the Court a Certification of Counsel and Proposed Order Disallowing the Merchandise Certificate and Rewards Cards Claims, substantially in the form annexed hereto as **Exhibit D** (the "Merchandise Certificate and

7

Rewards Cards Disallowance Order"). The Merchandise Certificate and Rewards Cards Disallowance Order will (a) highlight any modifications made to the Disallowed Merchandise Certificate and Rewards Card Schedule, if any, to reflect agreements reached to resolve any formal or informal Merchandise Certificate and Rewards Cards Objections. The Merchandise Certificate and Rewards Cards Disallowance Order, with all attachments, shall be served on (a) all parties whose merchandise certificates and rewards cards are disallowed by the Merchandise Certificate and Rewards Cards Disallowance Order, (b) all parties whose merchandise certificates and rewards cards are allowed by the Merchandise Certificate and Rewards Cards Disallowance Order, (c) the 2002 Service List, and (d) the U.S. Trustee.

11.    After the merchandise certificate and rewards cards claim disallowance process and Claims Resolution Process has been completed, all distributions have been made, final fee and expense applications have been adjudicated and all accrued and as yet unpaid fees owing to the U.S. Trustee have been paid, the Court shall enter an order, substantially in the form annexed hereto as **Exhibit E** (the "Dismissal Order"), upon the filing of a certification of counsel and request for entry of a dismissal order, substantially in the form annexed to the Joint Motion as Exhibit G (the "Certification of Counsel and Request for Dismissal") which Certification of Counsel and Request for Dismissal will be filed with the Court after consulting with the U.S. Trustee, counsel to the Creditors' Committee, and professionals whose final fee applications have been adjudicated by the Court. The Certification of Counsel and Request for Dismissal will, among other things, (a) verify that distributions on account of Allowed Unsecured Claims have been completed by Committee counsel, (b) verify that any additional merchandise certificate and rewards cards claims that were allowed by the Merchandise Certificate and Rewards Cards Disallowance Order have been paid in full, (c) confirm that all accrued quarterly

8

fees arising under 28 U.S.C. § 1930 have been paid in full to the U.S. Trustee's Office, and (d) request entry of the Dismissal Order.

12.     Service of the notice of the filing of and hearing on the Joint Motion upon the Claimants, those claimants included on the Proposed Disallowed Merchandise Certificate and Rewards Card Schedule, and the other entities and claimants listed in the Notice provision of the Joint Motion shall constitute good and sufficient notice of the filing of the Joint Motion and all relief requested therein.

13.     Service of this Order, together with all attachments and the Claims Schedule and the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule, on (a) the 2002 Service List, (b) the entities who assert administrative claims against the Debtor that have not been adjudicated by the Court, (c) the U.S. Trustee's Office, (d) the Securities and Exchange Commission, (e) the Internal Revenue Service, and (f) those state taxing authorities who filed a priority tax claim in this case shall constitute adequate and sufficient notice of the relief granted herein.

14.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in this chapter 11 case.

15.     To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Dated: August 13, 2012
       Wilmington, Delaware

Kevin Gross

Honorable Kevin Gross
Chief United States Bankruptcy Judge

9

**Exhibit A to Approval Order**

**Allowed Claims Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------- X
                      :
In re:                      :    Chapter 11
                      :
TSIC, Inc., f/k/a Sharper Image Corporation,  :    Case No. 08-10322 (KG)
                      :
       Debtor.            :
                      :
---------------------------------------- X

**TSIC, INC., F/K/A/ SHARPER IMAGE CORPORATION'S NOTICE OF
OBJECTION DEADLINE AND HEARING ON UNSECURED CLAIMS DISTRIBUTIONS**

      **PLEASE TAKE NOTICE** that TSIC, Inc. f/k/a Sharper Image Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") filed the *Joint Motion Pursuant to Sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code For Entry of an Order (I) Approving Procedures for (A) the Dismissal of the Debtor's Chapter 11 Case, (B) the Distribution of Certain Funds to Holders of Allowed Unsecured Claims and (C) the Disallowance of Certain Gift Card Claims and (II) Granting Certain Related Relief* (the "Joint Motion"),[1] with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court") on July 16, 2012 and the Bankruptcy Court entered the Approval Order granting the relief requested in the Joint Motion on [___]. **A copy of the Joint Motion, and the Approval Order and its attachments may be obtained free of charge from the following web address: www.kccllc.net/tsic or by calling TSIC's claims agent, Kurtzman Carson Consultants LLC at 888-647-1743.**

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Approval Order, TSIC is engaging in procedures to dismiss its case including making distributions on account of allowed general unsecured claims. A hearing to consider the Debtor's proposed distributions on account of allowed general unsecured claims, as set forth on the attached Claim Schedule, will be held before the Bankruptcy Court on _____, 2012 at _____ Eastern Time. **If you did not receive a copy of the Claim Schedule with this Notice, you are not scheduled to receive a distribution. The available funds for distribution on account of Allowed Unsecured Claims total $450,000 and are held in the GUC Escrow Account. The Approval Order establishes a $50 threshold for the making of a distribution on account of an Allowed Unsecured Claim. Distributions to holders of Allowed Unsecured Claims are estimated to be approximately 0.28% (i.e. less than one percent) of the allowed amount of each such claims. Therefore, only Allowed Unsecured Claims of at least**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Motion.

$17,860 are presently anticipated to receive any distribution. A copy of the Claims Schedule may be obtained from the following web address: www.kccllc.net/tsic or by calling TSIC's claims agent, Kurtzman Carson Consultants LLC at 888-647-1743.

       **PLEASE TAKE FURTHER NOTICE** that if a Claimant or other party (a) disputes the amount of the Allowed Unsecured Claim set forth on the Claim Schedule or (b) wishes to assert a claim that is not reflected on the Claim Schedule, such Claimant or other party is encouraged to contact counsel for the Committee (Dana Katz at dkatz@cooley.com or by phone at (212) 479-6457) informally and attempt to resolve its dispute consensually, without the need to file a formal claim or objection, prior to the Objection Deadline (described below); provided, however that unless such Objecting Party has reached an agreement with counsel to the Committee regarding such Objecting Party's objection prior to the Objection Deadline, the Objecting Party is required to file a Claim Objection in the manner described below by the Objection Deadline notwithstanding that the Objecting Party may have contacted counsel to the Committee in an attempt to resolve the objection.

       **PLEASE TAKE FURTHER NOTICE** that any response or objection to the Claims Schedule (a "<u>Claim Objection</u>") must be filed with the Bankruptcy Court on or before [____], 2012 at 4:00 p.m. Eastern Time (the "<u>Objection Deadline</u>"). At the same time, you must also serve a copy of the response or objection upon: (i) counsel to the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq. and Abigail Zigman, Esq., Fax (212) 310-8000 and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. and Ericka F. Johnson, Esq., Fax (302) 252-4330; (ii) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Seth Van Aalten, Esq., Fax (212) 479-6275 and Whiteford Taylor & Preston LLP, 1220 N. Market Street, Suite 608, Wilmington, Delaware 19801, Attn: Thomas J. Francella, Esq., Fax (302) 357-3272; and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian, Esq., Fax (302) 573-6497; Juliet.M.Sarkessian@usdoj.gov.

       **PLEASE TAKE FURTHER NOTICE** that any Claimant or other interested party who does not timely file a Claim Objection shall be barred from subsequently asserting an

US_ACTIVE:\44068486\3\73656.0003

unsecured claim against the GUC Escrow Account.

Dated:  [_____], 2012
          Wilmington, Delaware


WOMBLE CARLYLE SANDRIDGE
& RICE PLLC

_____
Steven K. Kortanek (No. 3106)
Ericka F. Johnson (#5024)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330

-and-

WEIL, GOTSHAL & MANGES LLP
Harvey R. Miller
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtor*


WHITEFORD TAYLOR & PRESTON LLP

_____
Thomas J. Francella (No. 3835)
Renaissance Centre
405 King Street, Suite 500
Wilmington, Delaware 19801
Telephone: (302) 357-3252
Facsimile: (302) 357-3272

-and-

COOLEY LLP
Lawrence C. Gottlieb (LG 2565)
Jay R. Indyke (JI 0353)
Richard Kanowitz (RK 0677)
Seth Van Aalten (SV 2663)
1114 Avenue of the Americas
New York, New York 01136
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

*Counsel for Official Committee Of Unsecured
Creditors*

US_ACTIVE:\44068486\3\73656.0003

**Exhibit B to Approval Order**

**Proposed Order Authorizing Distribution on Account of Allowed Unsecured Claims and
Scheduling Final Fee Hearing**

.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x
:
In re:                                                          :      **Chapter 11**
                                                                :
**TSIC, Inc. f/k/a Sharper Image Corporation,**[1]              :      **Case No. 08-10322 (KG)**
                                                                :
   Debtor.                                                      :
                                                                :
                                                                :
-------------------------------------------------------------------x

## ORDER AUTHORIZING DISTRIBUTION ON ACCOUNT OF
## <u>ALLOWED UNSECURED CLAIMS AND SCHEDULING FINAL FEE HEARING</u>

Pursuant to that *Order Granting Joint Motion of the Debtor and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, For Entry of an Order (I) Approving Procedures for (a) the Distribution of Certain Funds to Holders of Allowed Unsecured Claims, (b) the Dismissal of the Debtor's Chapter 11 Case, and (c) the Disallowance of Certain Gift Card Claims and (II) Granting Certain Related Relief*, entered on _____ (the "<u>Approval Order</u>")[2] and (ii) *Certification of Counsel and Proposed Order Authorizing Distribution on Account of Allowed Unsecured Claims*, dated _____, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Committee is authorized to make the unsecured creditor distributions reflected in Schedule A hereto from the funds held in the GUC Escrow Account.

---

[1] The address of the Debtor's principal executive offices is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. The Debtor's EIN is 94-2493558.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Approval Order.

2.      A hearing to consider approval of final fee and expense applications of estate professionals shall be held by the Court on _____ and the objection deadline with respect to any such applications is _____.

3.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in this chapter 11 case.

4.      To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Dated: _____
      Wilmington, Delaware

                                      _____
                                        Honorable Kevin Gross
                                        Chief United States Bankruptcy Judge

2

Schedule A

**Exhibit C to Approval Order**

**Disallowed Merchandise Certificate and Rewards Cards Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------- X
                                           :
In re:                                     :    Chapter 11
                                           :
TSIC, Inc., f/k/a Sharper Image Corporation, :  Case No. 08-10322 (KG)
                                           :
          Debtor.                          :
                                           :
------------------------------------------- X

### TSIC, INC., F/K/A/ SHARPER IMAGE CORPORATION'S NOTICE
### OF OBJECTION DEADLINE AND HEARING ON PROPOSED
### DISALLOWED MERCHANDISE CERTIFICATES AND REWARDS CARDS

**PLEASE TAKE NOTICE** that TSIC, Inc. f/k/a Sharper Image Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") filed the *Joint Motion Pursuant to Sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code For Entry of an Order (I) Approving Procedures for (A) the Dismissal of the Debtor's Chapter 11 Case, (B) the Distribution of Certain Funds to Holders of Allowed Unsecured Claims and (C) the Disallowance of Certain Gift Card Claims and (II) Granting Certain Related Relief* (the "Joint Motion"),[1] with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court") on July 16, 2012 and the Bankruptcy Court entered the Approval Order granting the relief requested in the Joint Motion on [____]. **A copy of the Joint Motion and Approval Order and its attachments may be obtained free of charge from the following web address: www.kccllc.net/tsic or by calling TSIC's claims agent, Kurtzman Carson Consultants LLC at 888-647-1743.**

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Approval Order, TSIC is engaging in procedures to dismiss its case, including disallowing the merchandise certificates and rewards cards listed on the attached proposed disallowed merchandise certificate and rewards cards schedule (the "Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule"). A hearing to consider the Debtor's Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule will be held before the Bankruptcy Court on _____, 2012 at _____ Eastern Time.

**PLEASE TAKE FURTHER NOTICE that any response or objection to the Proposed Disallowed Merchandise Certificate and Rewards Cards Schedule must be filed with the Bankruptcy Court on or before [____], 2012 at 4:00 p.m. Eastern Time (the "Objection Deadline").** At the same time, you must also serve a copy of the response or objection upon: (i) counsel to the Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Motion.

Esq. and Abigail Zigman, Esq., Fax (212) 310-8000 and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Steven K. Kortanek, Esq. and Ericka F. Johnson, Esq., Fax (302) 252-4330; (ii) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Seth Van Aalten, Esq., Fax (212) 479-6275 and Whiteford Taylor & Preston LLP, 1220 N. Market Street, Suite 608, Wilmington, Delaware 19801, Attn: Thomas J. Francella, Esq., Fax (302) 357-3272; and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian, Esq., Fax (302) 573-6497; Juliet.M.Sarkessian@usdoj.gov.

**PLEASE TAKE FURTHER NOTICE** that to the extent you have already submitted **an objection in connection with the *Debtor's Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Authorizing Payment of Gift Card Claims and Gift Card Class Counsel Fees and Expenses* (D.I. No. 2441), or in connection with the Joint Motion, such objection has been preserved and no further objection need be submitted by those objectors.**

Dated: [_____], 2012
       Wilmington, Delaware

WOMBLE CARLYLE SANDRIDGE
& RICE PLLC

_____
Steven K. Kortanek (No. 3106)
Ericka F. Johnson (#5024)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330

-and-

WEIL, GOTSHAL & MANGES LLP
Harvey R. Miller
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtor*

WHITEFORD TAYLOR & PRESTON LLP

_____
Thomas J. Francella (No. 3835)
Renaissance Centre
405 King Street, Suite 500
Wilmington, Delaware 19801
Telephone: (302) 357-3252
Facsimile: (302) 357-3272

-and-

COOLEY LLP
Lawrence C. Gottlieb (LG 2565)
Jay R. Indyke (JI 0353)
Richard Kanowitz (RK 0677)
Seth Van Aalten (SV 2663)
1114 Avenue of the Americas
New York, New York 01136
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

*Counsel for Official Committee Of Unsecured Creditors*

**Exhibit D to Approval Order**

**Proposed Order Disallowing the Merchandise Certificate and Rewards Cards Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------x
                                        :
In re:                                  :      Chapter 11
                                        :
TSIC, Inc. f/k/a Sharper Image Corporation,[1]    :      Case No. 08-10322 (KG)
                                        :
    Debtor.                             :
                                        :
                                        :
--------------------------------------------------------x
```

## ORDER DISALLOWING CERTAIN
## MERCHANDISE CERTIFICATE AND REWARDS CARDS CLAIMS

Pursuant to that *Order Granting Joint Motion of the Debtor and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, For Entry of an Order (I) Approving Procedures for (a) the Distribution of Certain Funds to Holders of Allowed Unsecured Claims, (b) the Dismissal of the Debtor's Chapter 11 Case, and (c) the Disallowance of Certain Gift Card Claims and (II) Granting Certain Related Relief*, entered on _____ (the "Approval Order")[2] and (ii) *Certification of Counsel and Proposed Order Denying Certain Gift Card Claims*, dated _____, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.    The claims reflected in Schedule A are disallowed in their entirety.

2.    The following claims are allowed and the Debtor is authorized to make distributions on account of the claims: _____.

---

[1] The address of the Debtor's principal executive offices is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. The Debtor's EIN is 94-2493558.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Approval Order.

3.    The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in this chapter 11 case.

4.    To the extent applicable, Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Dated: _____
        Wilmington, Delaware

                                    _____
                                    Honorable Kevin Gross
                                    Chief United States Bankruptcy Judge

Schedule A

**Exhibit E to Approval Order**

**Dismissal Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                :
In re:                                          :       Chapter 11
                                                :
TSIC, Inc. f/k/a Sharper Image Corporation,¹    :       Case No. 08-10322 (KG)
                                                :
        Debtor.                                 :
                                                :
                                                :
-----------------------------------------------------------x
```

### ORDER DISMISSING CHAPTER 11 CASE

Pursuant to that (i) *Order Granting Joint Motion of the Debtor and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), and 1112(b) of the Bankruptcy Code, For Entry of an Order (I) Approving Procedures for (a) the Distribution of Certain Funds to Holders of Allowed Unsecured Claims, (b) the Dismissal of the Debtor's Chapter 11 Case, and (c) the Disallowance of Certain Gift Card Claims and (II) Granting Certain Related Relief* (the "Approval Order"),² entered on _____ and (ii) *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Case*, filed on

_____, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtor's chapter 11 case is hereby dismissed.

2.      Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in this chapter 11 case shall survive the dismissal of this chapter 11 case.

---

¹ The address of the Debtor's principal executive offices is 1255 Treat Blvd, Suite 300, Walnut Creek, California 94597. The Debtor's EIN is 94-2493558.

² Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Approval Order.

3.      TSIC is authorized to take the following actions:  (i) destroy all business records, (ii) file its final tax return, (iii) pay the incentive bonus to Kevin Palmer as set forth in this Court's October 22, 2008 Order, and (iv) dissolve its corporate structure.

4.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any order of the Court entered in this chapter 11 case.


Dated: _____
       Wilmington, Delaware



                                     _____
                                     Honorable Kevin Gross
                                     Chief United States Bankruptcy Judge

US_ACTIVE:\44068515\1\73656.0003