# **Exhibit D**

Case 12-10010-KG    Doc 1520-4    Filed 05/06/13    Page 1 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                            Chapter 11

G.I. JOE'S HOLDING CORPORATION and                Case No.: 09-10713 (KG)
G.I. JOE'S, INC.,                                 Jointly Administered

                        Debtors.
                                                  Re: Docket No. 735

------------------------------------------------------------- x

**ORDER GRANTING JOINT MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a),
305(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER
(A) APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE,
THE PREPETITION TERM LOAN B SECURED PARTIES AND BMC GROUP, INC.,
(B) APPROVING PROCEDURES FOR (I) THE DISTRIBUTION OF CERTAIN FUNDS
TO HOLDERS OF ALLOWED UNSECURED AND ADMINISTRATIVE CLAIMS AND
(II) THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES, AND
(C) GRANTING CERTAIN RELATED RELIEF**

Upon the joint motion (the "Joint Motion")[1] of G.I. Joe's Holding Corporation and G.I. Joe's, Inc., as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an order (a) approving the stipulation between the Debtors, the Committee, the Prepetition Term Loan B Secured Parties and BMC Group, Inc. annexed to the Joint Motion as Exhibit A (the "Settlement" or the "Settlement Stipulation"), (b) approving procedures for (i) the reconciliation, resolution and allowance of administrative expense priority and unsecured claims against the Debtors and the making of distributions to holders of such allowed claims and (ii) the dismissal of the Debtors' chapter 11 cases

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joint Motion.

PAC 999630v.1

(collectively, the "Distribution and Dismissal Procedures"), and (c) granting certain related relief; and this Court having reviewed the Joint Motion and having conducted a hearing on the Joint Motion, at which time the Debtors, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that sufficient notice of the Joint Motion having been given to parties-in-interest; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon was adequate and sufficient under the circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. The Joint Motion is hereby GRANTED as set forth herein.

2. The Settlement Stipulation is hereby APPROVED. The failure to specifically include any particular provision of the Settlement Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court to approve the Settlement Stipulation in its entirety and authorize all transfers to be made in connection therewith.

3. The Debtors and Committee are authorized to take all actions and execute all documents that are reasonably required to implement and effectuate the terms of the Settlement Stipulation.

4. Except with respect to the performance of obligations undertaken in the Settlement Stipulation, under no circumstances shall the Prepetition Term Loan B Secured

Parties be liable for any funding of, or the making of any payments related to, obligations of the Debtors' estates, including, without limitation, payment of any claims of any creditors of the Debtors or fees and expenses of the Case Professionals and BMC (including, without limitation, any further funding of the Carve Out or the Wind Down Carve Out), none of which shall be chargeable to, or be the responsibility of, the Prepetition Term Loan B Secured Parties.

5. Except with respect to the performance of obligations undertaken in the Settlement Stipulation, the Prepetition Term Loan B Secured Parties and the Prepetition Secured Parties are hereby released from any and all claims of whatever kind or nature of the Debtors, the Committee, BMC, the US Trustee, creditors of these estates or any other party in interest in these chapter 11 cases.

6. Other than the cash held or to be held by the Debtors and Committee pursuant to the terms of the Settlement Stipulation, all cash currently in the possession of the Debtors' estates and all cash that from time to time comes into the possession of the Debtors' estates (whether from proceeds of Asset Sales, uncollected receivables, tax refunds, pending causes of action, release of cash collateral supporting letters of credit or otherwise) shall be turned over to the Prepetition Term Loan B Agent, for the benefit of the Prepetition Term Loan B Secured Parties.

7. The Distribution and Dismissal Procedures are hereby APPROVED.

8. The Debtors are authorized to distribute the funds held in the Administrative Claim Reserve pursuant to the terms of the Settlement Stipulation and this Order.

9. Counsel for the Committee is authorized to distribute the funds held in the GUC Escrow Account pursuant to the terms of the Settlement Stipulation and this Order.

10. The following procedures shall govern the reconciliation, resolution and allowance of all unsecured and administrative expense priority claims asserted against the Debtors and the distributions to be made to holders of Allowed Administrative Claims and Allowed Unsecured Claims (the "Claims Resolution Process"):

    (a). Service of the Joint Motion Notice and the Joint Motion (exclusive of exhibits) upon the Potential Claimants shall constitute good and sufficient notice of the filing of the Joint Motion.

    (b). Within fifteen (15) days following entry of this Order, the Debtors shall serve all Potential Claimants with a notice, substantially in the form annexed to the Joint Motion as Exhibit C (the "Proposed Allowed Claim Notice"), which shall be served with schedules (the "Claim Schedules") providing information concerning, among other things, the identity of Potential Claimants (and designated claim number, as applicable), the amounts of their asserted administrative expense priority and/or unsecured claims, the amounts proposed to be allowed on account of such claims and a brief explanation as to any objection to such claims or variance between the claim amounts asserted by Potential Claimants and the amounts proposed for allowance by the Debtors and Committee. Additionally, the Proposed Allowed Claim Notice shall provide instructions for filing an objection to the proposed allowed claim amounts, including the date of the objection deadline and the mailing address where such objections must be sent.

4

(c). If a Potential Claimant or other interested party (a) disputes the proposed allowed amounts of their administrative expense priority and/or unsecured claim or (b) wishes to assert a claim that is not reflected on the Proposed Allowed Claim Notice, such Potential Claimant or other interested party (the "Objecting Party") is encouraged to contact counsel for the Debtors and/or the Committee informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection.

(d). If an Objecting Party wishes to file a formal claim or objection, the Objecting Party must file its claim objection, together with documentation supporting its claim or objection (each a "Claim Objection") with the Court on or before Apr. 21, 2011 @ 4 PM. (the "Objection Deadline") and serve a copy of such Claim Objection on counsel for Debtors and the Committee, so that it is received on or before the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity.

(e). Counsel for the Debtors and Committee will review all Claim Objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any disputes regarding the Claim Objection. The Debtors and Committee shall be authorized (with each other's consent) to resolve any objection to the proposed allowed claim amounts set forth in the Proposed Allowed Claim Notice by agreement with such Potential Claimant without further order of the Court. If counsel for the Debtors and/or Committee and the Objecting

5

Party cannot agree on a resolution, then a hearing to resolve any Claim Objection shall take place before this Court on _Apr. 29, 2011 at 11 am_

(f). Any claim allowed pursuant to the foregoing Claims Resolution Process will be deemed either an "Allowed Administrative Expense Claim" or "Allowed Unsecured Claim." The funds held or to be held in the Administrative Claim Reserve shall be distributed by the Debtors to holders of Allowed Administrative Claims on a *pro rata* basis. The funds held or to be held in the GUC Escrow Account shall be distributed by counsel to the Committee to holders of Allowed Unsecured Claims on a *pro rata* basis.

(g). Any Potential Claimant or other interested party that does not timely file a Claim Objection shall be barred from challenging the proposed allowed claim amounts set forth in the Proposed Allowed Claim Notice.

11. The requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1, with regard to claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process.

12. The Debtors shall administer distributions to holders of Allowed Administrative Claims from the funds held in the Administrative Claim Reserve and counsel to the Committee shall administer distributions to holders of Allowed Unsecured Claims from the funds held in the GUC Escrow Account in accordance with the following guidelines governing distributions (the "Distribution Guidelines"):

 (a) The Debtors and Committee shall make be authorized to make a single distribution to creditors of the funds held in the Administrative Claim Reserve and the GUC Escrow Account.

 (b) The Debtors and Committee shall withhold from making any distribution on account of an Allowed Administrative Claim or Allowed Unsecured Claim where such distribution would be for the amount of $50 or less.

 (c) Any distributed check that has not been claimed and/or cashed within 90 days after distribution of the check (the "Check Cashing Period") shall be deemed void and the distribution on account of such claim shall be deemed forfeited by the creditor.

 (d) Any funds remaining in the Administrative Claim Reserve and/or the GUC Escrow Account after the expiration of the Check Cashing Period shall be remitted to the Debtors and added to the Carve Out to pay remaining allowed but unpaid fees and expenses of Case Professionals and BMC in the order of priority set forth the Settlement Stipulation.

13. After all distributions to holders of Allowed Administrative Claims and Allowed Unsecured Claims are made, but before the Certification of Counsel and Request for Dismissal is filed, the Debtors shall schedule a final omnibus fee hearing and the Case Professionals shall each be required to file a final request for allowance and payment of all fees and expenses incurred during these cases.

14. After the entry of orders on the final fee applications of the Case Professionals, completion of the distributions contemplated herein and the payment of all then accrued quarterly US Trustee fees, the Debtors shall file a certification of counsel and request for entry of

a dismissal order, substantially in the form annexed to the Joint Motion as Exhibit E (the "Certification of Counsel and Request for Dismissal"), which, among other things, will (a) verify that all Claim Objections have been resolved, (b) identify the holders, claim amounts and distributions made on account of all Allowed Administrative Claims and Allowed Unsecured Claims, (c) confirm that all accrued UST Fees have been paid and (d) request the entry of an order, substantially in the form annexed to the Joint Motion as Exhibit D (the "Dismissal Order"), providing for the dismissal of the Debtors' chapter 11 cases pursuant to section 1112(b) and 305(a) of the Bankruptcy Code.

15. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these chapter 11 cases.

16. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: March 10, 2011
Wilmington, Delaware

Honorable Kevin Gross
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| G.I. JOE'S HOLDING ) | Case No. 09-10713 (KG) |
| CORPORATION and G.I. JOE'S, ) | Jointly Administered |
| INC., ) | |
| ) | **Re: Docket Nos. 763, 767 and 786** |
| Debtors. ) | |

**SUPPLEMENTAL ORDER GRANTING THE JOINT MOTION OF THE DEBTORS
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO
SECTIONS 105(A), 305(A), 349 AND 1112(B) OF THE BANKRUPTCY CODE AND
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A)
APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE, THE
PREPETITION TERM LOAN B SECURED PARTIES AND BMC GROUP, INC., (B)
APPROVING PROCEDURES FOR (I) THE DISTRIBUTION OF CERTAIN FUNDS TO
HOLDERS OF ALLOWED UNSECURED AND ADMINISTRATIVE CLAIMS AND (II)
THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES,
AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon (I) the joint motion (the "Joint Motion")[1] of G.I. Joe's Holding Corporation and G.I. Joe's, Inc., as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an order (a) approving the stipulation between the Debtors, the Committee, the Prepetition Term Loan B Secured Parties and BMC Group, Inc. annexed to the Joint Motion as Exhibit A, (b) approving procedures for (i) the reconciliation, resolution and allowance of administrative expense priority and unsecured claims against the Debtors and the making of distributions to holders of such allowed claims and (ii) the dismissal of the Debtors' chapter 11 cases, and (c) granting certain related relief, dated February 4, 2011

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joint Motion.

PAC 1010676v.1

(Dkt. 735), (II) the Court's order entered March 10, 2011 (the "Approval Order") (Dkt. No. 753) granting the Joint Motion and approving the relief requested therein and (III) the Certification of Counsel Regarding Objections to Proposed Claim Allowances jointly filed by the Debtors and Committee on April 27, 2011 (the "Certification of Counsel"); and the Court having considered and reviewed the Joint Motion, the Approval Order and the Certification of Counsel and having conducted a hearing to consider any and all Claim Objections, at which time the Debtors, the Committee, Potential Claimants and all other parties-in-interest were given an opportunity to be heard; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) the Proposed Allowed Claim Notice and the opportunity for a hearing to consider any and all Claim Objections was provided in accordance with the Approval Order and was adequate and sufficient under the circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion and Certification of Counsel constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion and Certification of Counsel is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtors and the Committee are authorized to make the creditor distributions reflected in claim schedules annexed hereto.

2. Any and all Claim Objections that have not been withdrawn, waived, settled or otherwise resolved by this Order are hereby denied and overruled on the merits, with prejudice.

3. The Approval Order shall be supplemented to authorize the transfer to the Administrative Claim Reserve of $15,000 of the funds made available to pay all allowed (or

subsequently allowed) and unpaid fees and expenses of the Case Professionals incurred from the Petition Date through January 31, 2010 pursuant to section 1(d) of the Settlement Stipulation. The Approval Order, as supplemented by this Order, shall remain in full force and effect and shall be binding in all respects upon the Debtors, the Debtors' estates, all creditors (whether known or unknown), parties-in-interest and their respective affiliates, successors and assigns.

4.  A hearing to consider approval of final fee and expense applications of Case Professionals shall be held by the Court on **May 25**, 2011 at **3:30 p.m.**

5.  The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these chapter 11 cases.

6.  To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: **April 29, 2011**
Wilmington, Delaware

                                             /s/ Kevin Gross
                                             Honorable Kevin Gross
                                             United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X

In re:

G.I. JOE'S HOLDING CORPORATION and
G.I. JOE'S, INC.,

Debtors.

------------------------------------------------------------ X

Chapter 11

Case No.: 09-10713 (KG)
Jointly Administered

Re: Docket Nos. 735, 743, 746, 753, 773 and 803

## ORDER DISMISSING CHAPTER 11 CASES

Pursuant to that (i) *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving a Stipulation Between the Debtors, the Committee, the Prepetition Term Loan B Secured Parties and BMC Group, Inc., (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Unsecured and Administrative Expense Priority Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief*, filed on February 4, 2011 (D.I. 735), (ii) Order granting the Joint Motion, entered on March 10, 2011 (D.I. 753) (as supplemented by order entered on April 29, 2011 (D.I. 773)), and (iii) *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases*, filed on October __, 2011, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

2. Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in these chapter 11 cases shall survive the dismissal of these chapter 11 cases.

3. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any order of this Court entered in these chapter 11 cases.

Dated: OCTOBER 4, 2011
Wilmington, Delaware

Honorable Kevin Gross
United States Bankruptcy Judge