# **Exhibit E**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                  : Chapter 11
                                        :
TLG Liquidation Corp., et al.,[1]        : Case No. 10-10206 (MFW)
                                        :
        Debtors.                        : Jointly Administered
                                        :
                                        : Ref. Docket No.: 275
------------------------------------------------------------- x

## ORDER PURSUANT TO
## SECTIONS 105(a), 305, 349, 363 AND 1112(b) OF THE BANKRUPTCY CODE
## AND BANKRUPTCY RULE 9019(a) (I) APPROVING SETTLEMENT
## AGREEMENT BY AND AMONG DEBTORS, BANK OF NEW YORK MELLON, AS
## ADMINISTRATIVE AGENT AND COLLATERAL AGENT, CERTAIN PREPETITION
## SECURED LENDERS, AND THE OFFICIAL COMMITTEE OF UNSECURED
## CREDITORS; (II) APPROVING PROCEDURES FOR (A) THE DISTRIBUTION OF
## CERTAIN FUNDS TO HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS,
## AND (B) THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES;
## AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") pursuant to sections 105(a), 305, 349, 363 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving that certain settlement agreement (the "Settlement Agreement"), dated as of April 29, 2010, by and among: (a) the Debtors; (b) the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"); (c) The Bank of New York Mellon (the "Agent"), in its capacity as Administrative Agent for the secured lenders (the "Lenders") under (i) that certain Term Loan and Guaranty Agreement, dated as of July 28, 2006, among the Debtors, the Lenders

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) e-Cycle, LLC (1582) and (ii) TLG Liquidation Corp. (f/k/a Telogy, LLC ) (1530).

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

party thereto, and the Agent (the "Term Loan Agreement"), and (ii) that certain Revolving Credit and Guaranty Agreement, dated as of July 28, 2006, among the Debtors, the Lenders party thereto, and the Agent (the "Revolving Credit Agreement" and, together with the Term Loan Agreement, the "Secured Credit Agreements"); and (d) the Lenders (collectively, the "Parties"); (ii) approving procedures for (a) the distribution of funds to holders of allowed general unsecured claims in accordance with the terms of the Settlement Agreement, and (b) the dismissal of the Debtors' chapter 11 cases; and (iii) granted related relief; and it appearing that the Settlement Agreement and the relief requested in the Motion are fair, reasonable, and in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1. The Motion is granted.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement, attached hereto as Exhibit 1, is approved, and the terms, conditions and provisions of the Settlement Agreement are incorporated in this Order by reference as if fully set forth herein.

3. The Parties are authorized, but not directed, to take any and all actions necessary to carry out, effectuate or otherwise enforce the terms, conditions and provisions of the Settlement Agreement.

4.  The claims resolution process (the "Claims Resolution Process") as set forth below is hereby approved and the Debtors are authorized to take any and all actions necessary to effectuate or otherwise carry out same:

(i) Within ten (10) days of the entry of the Approval Order, the Debtors shall serve the allowed claim notice (the "Allowed Claim Notice"), substantially in the form annexed hereto, on (i) the Potential Claimants; (ii) persons or entities that have filed proofs of claim; (iii) parties known to the Debtors as having potential unsecured claims against the Debtors' estates but who are not listed on the Debtors' schedules of assets and liabilities; (iv) counterparties to the Debtors' executory contracts and unexpired leases; (v) parties to litigation with the Debtors; (vi) state attorneys general and state departments of revenue for states in which the Debtors conduct business; (vii) the Internal Revenue Service at the address it has requested for bankruptcy notifications; (viii) the United States Attorney for the District of Delaware and the Department of Justice in Washington, D.C.; (ix) the Office of the United States Trustee for the District of Delaware; (x) state and local governmental units applicable to the Debtors' businesses, to the extent not listed in the foregoing clauses; and (xi) parties that have requested notice pursuant to Bankruptcy Rule 2002.

(ii) The Allowed Claim Notice shall identify (i) each proof of claim that asserts an unsecured claim; (ii) as applicable, each scheduled non-contingent, non-disputed and liquidated unsecured claim for which a proof of claim was not filed; (iii) as applicable, claims not scheduled, or scheduled as contingent or disputed or unliquidated; and (iv) the proposed allowed amounts of such claims.

(iii) If a Potential Claimant that filed a proof of claim or other party in interest disputes the proposed allowed amount of such Potential Claimant's claim or an interested party asserts that it holds an unsecured claim against the Debtors that is not otherwise listed on the Allowed Claim Notice, such Potential Claimant or other interested party (each, an "Objecting Party") is encouraged to contact Debtors' counsel informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection, as provided in the following paragraph.

(iv) If an Objecting Party wishes to assert and file a formal claim or objection following attempts to resolve such claim amicably as provided above, the Objecting Party must file its claim or objection, together with documentation supporting its asserted

      claim or objection with the Bankruptcy Court (each a "Claim Objection") on or before the date that is thirty (30) days after the date of the Allowed Claim Notice is served (the "Objection Deadline") and serve a copy of such Claim Objection on counsel for the Debtors and counsel to the Committee so that it is actually received on or before the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity and attach supporting documentation.

(v)  The Debtors shall review all Claim Objections and supporting documentation timely submitted by an Objecting Party and shall consult with the Objecting Party in order to attempt to resolve any disputes regarding the Claim Objection. If the Debtors and the Objecting Party cannot agree on a resolution, then a hearing to resolve any Claim Objection shall take place before the Bankruptcy Court promptly following the Objection Deadline.

(vi)  The Debtors, in consultation with the Committee, shall be authorized to resolve any Claim Objection by agreement with the Potential Claimant and/or Objecting Party without further order of the Bankruptcy Court.

(vii)  Any unsecured claim allowed pursuant to the foregoing Claims Resolution Process shall be deemed an "Allowed Unsecured Claim" for purposes of receiving a distribution from the Unsecured Creditors' Escrow.

(viii)  Any Potential Claimant or other interested party that does not timely file a Claim Objection shall be forever barred from challenging the Debtors' proposed allowed amounts of the claims as set forth in the Allowed Claim Notice and shall be deemed to hold an Allowed Unsecured Claim equal to the amount set forth in the Allowed Claim Notice for purposes of receiving a distribution from the Unsecured Creditors' Escrow.

(ix)  Upon the completion of the Claims Resolution Process, the Debtors, in consultation with the Committee and pursuant to the applicable escrow agreement respecting the Unsecured Creditors' Escrow, shall make a single and final distribution to the holders of Allowed Unsecured Claims so that the holders of the Allowed Unsecured Claims receive a distribution up to the same percentage recovery realized by the Agent and Lenders as described in the Settlement Agreement, but not in an aggregate amount in excess of the Unsecured Creditors' Escrow. The aggregate amount of such distributions shall be the lesser of (i) the amount of the Unsecured

4

Creditors' Escrow or (ii) the product of the aggregate amount of Allowed Unsecured Claims multiplied by the Secured Percentage Recovery, defined below. Secured Percentage Recovery is equal to the product of (A) the sum of the net proceeds of the Sale (including without limitation any purchase price adjustments, equipment pro rations, and cure costs to be reserved under the Transition Services Agreement) plus the balance of Cash Collateral remaining after funding the Unsecured Creditors' Escrow and Carve-Out (as defined in the Final Order and as such amount was increased to fund the Professional Fees Escrow (as defined below)) less the aggregate amount of expenses provided for in the Budget ("Secured Recovery"), multiplied by (B) a ratio the numerator of which shall equal the Secured Recovery and the denominator of which shall equal the Secured Obligations ("Secured Percentage Recovery"). Once the distribution made to holders of Allowed Unsecured Claims equals the Secured Percentage Recovery, then the difference between the Unsecured Creditors' Escrow and the amount of such distributions shall be paid to the Agent for itself and the Lenders.

(x) Any unclaimed funds from the distribution described in subparagraph (ix) above shall be paid the Agent to be distributed in accordance with the Secured Credit Agreements.

(xi) The costs of the claims reconciliation process and distributions provided on account of Allowed Unsecured Claims shall be borne by the Debtors and provided for in the Budget.

5. The release provisions, as set forth in paragraphs 7, 8, 9 and 12 of the Settlement Agreement, are hereby approved.

6. Promptly after the occurrence of the last to occur of each of the following events: (i) distribution of the funds in the Unsecured Creditors' Escrow; (ii) funding of the Professional Fees Escrow; and (iii) payment of any then accrued and unpaid fees to the Office of the United States Trustee ("UST Fees"), and upon the filing the Certification of Counsel and Request for Dismissal, the Debtors' chapter 11 cases shall be dismissed pursuant to entry of the Dismissal Order. The Certification of Counsel and Request for Dismissal, among other things, shall (a) verify that all Claim Objections have been resolved, (b) identify the holders, claim

amounts and distribution amounts for all Allowed Unsecured Claims, (c) confirm that the Professional Fees Escrow has been funded, (d) confirm that accrued UST Fees have been paid, and (e) that all Cash Collateral not used to fund the Budget or used to pay Professionals in the Professional Fee Escrow shall be turned over to the Agent for benefit of and distribution to the Lenders.

7. Notwithstanding section 349 of the Bankruptcy Code, the Settlement Agreement shall survive any order dismissing these chapter 11 cases.

8. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: May 20, 2010
       Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE