# **Exhibit F**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| KB TOYS, INC. | Case No.: 08-13269 (KJC) |
| a Delaware corporation, et al., | |
| | Jointly Administered |
| Debtors. | |
| | RE: Docket No. 872 |

--------------------------------------------------------------X

### ORDER GRANTING JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 105(a), 305(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER (A) APPROVING A STIPULATION BETWEEN THE DEBTORS, THE COMMITTEE AND THE PRENTICE ENTITIES, (B) APPROVING PROCEDURES FOR (I) THE DISTRIBUTION OF CERTAIN FUNDS TO HOLDERS OF ALLOWED ADMINISTRATIVE CLAIMS AND (II) THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES, AND (C) GRANTING CERTAIN RELATED RELIEF

Upon the motion of KB Toys, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an order (a) authorizing the Debtors to enter into a stipulation with the Committee and the Prentice Entities, (b) approving procedures for (i) the reconciliation resolution and allowance of December 2008 Stub Rent Claims and 503(b)(9) Claims and the making of distributions to the holders of such allowed claims and (ii) the dismissal of the Debtors' Chapter 11 cases; and (c) granting certain related relief, dated November 9, 2009 (the "Joint Motion")1 (Docket No. 872); and objections to the Joint Motion having been filed by (i) the Office of the United States Trustee [Docket No. 898], (ii) certain

---

1    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Motion.

Texas ad valorem taxing authorities [Docket Nos. 893 and 895] (collectively the "Texas Ad Valorem Tax Authorities"), and (iii) certain Prime Retail related landlords [Docket No. 901] (the "Objecting Landlords"); and each of the Objections having been resolved as set forth on the record and herein; and this Court having reviewed the Joint Motion and having conducted a hearing on the Joint Motion, at which time the Debtors, the Committee and all parties-in-interest were given an opportunity to be heard; and it appearing that notice of the Joint Motion have been given to (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Prepetition Lenders, (c) all creditors of the Debtors with timely filed or scheduled claims, and (d) parties that have requested service of papers pursuant to Bankruptcy Rule 2002; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Joint Motion and the opportunity for a hearing thereon were adequate and sufficient under the particular circumstances and no other or further notice need be given, (c) the legal and factual bases set forth in the Joint Motion constitute just cause for the relief granted herein, and (d) the relief requested in the Joint Motion is in the best interests of the Debtors' estates and creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.     The Joint Motion is hereby GRANTED as set forth herein.

2.     The Settlement Stipulation, as modified by agreement of the parties thereto to delete Section 11 thereof, is hereby APPROVED.  The failure to specifically include any particular provision of the Settlement Stipulation in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court to approve the Settlement Stipulation, as modified to delete Section 11 thereof, in its entirety.

3.    The Debtors and Committee are authorized to take all action and execute all documents that are reasonably required to implement and effectuate the terms of the Settlement Stipulation.

4.    The Distribution and Dismissal Procedures are hereby APPROVED.

5.    The Escrow Agent is authorized and directed to distribute the funds in the WTC Escrow Account pursuant to the Settlement Stipulation.

6.    The Debtors are hereby authorized and directed to transfer $650,000 out of the 503(b)(9) Reserve and deposit those funds into the December 2008 Stub Rent Reserve for distribution to holders of Allowed December 2008 Stub Rent Claims pursuant to the terms of this Order.

7.    The Debtors are authorized to distribute the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve pursuant to the terms of this Order.

8.    The Debtors shall identify the Allowed 503(b)(9) Claims and the Allowed December 2008 Stub Rent Claims pursuant to the following claims resolution process (the "Claims Resolution Process"):

(a).    Within fifteen days after entry of this Order, the Debtors shall serve the Potential Claimants with a Proposed Allowed Claim Notice, substantially in the form annexed hereto as Exhibit A.

(b).    The Proposed Distribution and Dismissal Notice shall:

- provide general case information, including the estimated amount of the anticipated distributions;

- include a separate schedule that will provide the Potential Claimant's claim information, including amount of the 503(b)(9) Claim or administrative claim for December 2008 Stub Rent as asserted by the Potential Claimant in its claim and the Debtors' proposed allowed amount of such Potential Claimant's 503(b)(9) Claim or December

2008 Stub Rent Claim to share in the pro rata distribution from the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, respectively, together with a brief explanation for any variance from the amounts asserted by such Potential Claimants, and

- give instructions for filing an objection to the Debtors' proposed allowed amounts of the 503(b)(9) Claims and December 2008 Stub Rent Claims as set forth in the Proposed Allowed Claim Notice, including the date of the objection deadline and the mailing address where such objections must be sent; and

(c).    If a Potential Claimant or other party-in-interest (a) disputes any claim information contained in the Proposed Allowed Claim Notice or (b) wishes to assert a claim that is not reflected on the Proposed Allowed Claim Notice, such Potential Claimant or other interested party (the "Objecting Party") is encouraged to contact Debtors' counsel informally and attempt to resolve its claim or objection amicably, without the need to file a formal claim or objection, as provided in the following paragraph.

(d).    If an Objecting Party wishes to file a formal claim or objection, the Objecting Party must file its objection, together with documentation supporting its claim or objection with the Court (each a "Claim Objection") on or before January 11, 2010 at 4:00 p.m. (the "Objection Deadline") and serve a copy of such Claim Objection on counsel for the Debtors and the Committee so that it is received on or before the Objection Deadline. In any Claim Objection, the Objecting Party must state the grounds for its objection clearly and with particularity.

(e).    Counsel for the Debtors shall review all Claim Objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any disputes regarding

the Claim Objection.  If counsel for the Debtors and the Objecting Party cannot agree on a resolution, then a hearing to resolve any Claim Objection shall take place before this Court on January 19, 2010 at 11:30 a.m.

(f).     The Debtors are authorized (with the consent of the Committee) to resolve any objections to the Debtors' proposed allowed amounts of the 503(b)(9) Claims or December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice by agreement with the Potential Claimant without further order of the Court.

(g).     Any claim allowed pursuant to the foregoing Claims Resolution Procedures shall be deemed either an "Allowed 503(b)(9) Claim" or "Allowed December 2008 Stub Rent Claim."  Holders of Allowed 503(b)(9) Claims shall be the sole beneficiaries of the 503(b)(9) Reserve and the funds held in the 503(b)(9) Reserve shall be distributed *pro rata* to the holders of Allowed 503(b)(9) Claims.  Holders of Allowed December 2008 Stub Rent Claims shall be the sole beneficiaries of the December 2008 Stub Rent Reserve and the funds held in the December 2008 Stub Rent Reserve shall be distributed *pro rata* to the holders of Allowed December 2008 Stub Rent Claims.

(h).     Any Potential Claimant or other interested party that does not timely file a Claim Objection shall be barred from challenging the Debtors' proposed allowed amounts of the 503(b((9) Claims and December 2008 Stub Rent Claims as set forth in any Proposed Allowed Claim Notice.

9.      The requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1, with regard to substantive claims objections and omnibus claims objections, are waived to the extent inconsistent with the Claims Resolution Process provided for in the foregoing paragraph.

10.      The Debtors shall administer distributions from the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve as follows:

      (a).      The Debtors, in consultation with the Committee, shall make only a single distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve.

      (b).      The Debtors, in consultation with the Committee, shall determine when a distribution of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve shall be made.

      (c).      Any distributed check(s) that have not been claimed and/or cashed within 90 days after distribution of the check(s) (the "Check Cashing Period") shall be deemed void and the distribution on account of such claims shall be deemed forfeited.

      (d).      Any funds remaining in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve remaining after the expiration of the Check Cashing Period shall be promptly remitted to the Prepetition Secured Lien Lenders.

11.      In resolution of the Objections of the Texas Ad Valorem Tax Authorities, there shall be set aside by the debtors, from the proceeds of the sale of the debtors' assets, prior to distribution as provided herein to any other claimant, the amount of $104,000.00 in a segregated account, pending the determination of the liens and claims of the Objecting Texas Ad Valorem

Tax Authorities. The liens and claims of the Objecting Texas Ad Valorem Tax Authorities shall attach to these proceeds to the same extent and with the same priority as they currently hold on these funds pursuant to prior orders in this case. This set aside shall not constitute the allowance of the claims of the Objecting Texas Ad Valorem Tax Authorities, and the liens and claims of the Objecting Texas Ad valorem Tax Authorities shall remain subject to any objections any party would otherwise be entitled to raise as to the priority, validity or extent of such. These funds may be distributed upon agreement between the Objecting Texas Ad Valorem Tax Authorities and the debtors, or absent agreement of the parties, by subsequent order of the Court, entered following a hearing to be held on January 19, 2010 at 11:30 a.m. or such later date as is agreed upon by the parties.

12.     In resolution of the Objections of the Objecting Landlords, there shall be set aside by the debtors, from funds of the estates, prior to distribution as provided herein to any other claimant, the amount of $82,105.00 in a segregated account, pending the determination of the validity of the administrative claims for post-petition rent other than on account of December 2008 Stub Rent, asserted by the Objecting Landlords in their objection. This set aside shall not constitute the allowance of the claims of the Objecting Landlords and the asserted post-petition administrative claims of the Objecting Landlords shall remain subject to any objections any party would otherwise be entitled to raise as to the priority, validity or extent of such. These funds may be distributed upon agreement between the Objecting Landlords and the debtors, or absent agreement of the parties, only by subsequent order of the Court, entered following a hearing to be held on January 19, 2010 at 11:30 a.m. or such later date as is agreed upon by the parties.

13.     Notwithstanding anything herein or the Settlement Stipulation to the contrary, the Debtors shall pay Pima County, Arizona, the sum of $617.53 on account of its asserted secured tax claim.

14.     The professionals retained by the Debtors and the Committee in these cases shall, on or before January 15, 2010, file final fee applications (the "Final Fee Applications") covering all fees incurred during these cases through December 31, 2009, together with a good faith estimate of fees and expenses expected to be incurred between December 31, 2009 and the anticipated date of submission of the Dismissal Order provided for below (the "Estimated Fees"). A hearing to consider approval of the Final Fee Applications shall be held by the Court on Feb 4 , 2010 at 1:00 p.m. (the "Final Fee Hearing"). At least three business days prior to the Final Fee Hearing, the professionals shall file with the Court, supplements that update the Estimated Fees included in their respective Final Fee Applications.

15.     After the entry of orders on the Final Fee Applications, completion of the distribution contemplated herein, the funding of the Professional Fee Reserve and the payment of all then accrued quarterly U.S. Trustee fees, the Debtors shall file the Certification of Counsel and Request for Dismissal and proposed form of order (the "Dismissal Order") in substantially the form attached hereto as Exhibit B, providing for the dismissal of the Debtors' chapter 11 cases pursuant to section 1112(b) and 305(a) of the Bankruptcy Code.

16.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these chapter 11 cases.

17.    To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: Dec 1, 2009
       Wilmington, Delaware

Honorable Kevin J. Carey
United States Bankruptcy Judge

067890.1001

# EXHIBIT A

(Proposed Allowed Claim Notice)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- X

In re:                                                    Chapter 11

KB TOYS, INC.
a Delaware corporation, et al.,                           Case No.: 08-13269 (KJC)

                              Debtors.                    Jointly Administered

------------------------------------------------------------------- X

### NOTICE OF PROPOSED ALLOWED 503(b)(9) CLAIMS AND ALLOWED DECEMBER 2008 STUB RENT CLAIMS TO SHARE IN AUTHORIZED DISTRIBUTION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On December 11, 2008 (the "Petition Date"), KB Toys, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage their businesses and properties as debtors-in-possession. No trustee or examiner has been appointed in these cases. On December 17, 2008, the Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases by the Office of the United States Trustee for the District of Delaware.

2.      The Debtors have ceased retail operations and are in the process of winding down their affairs. The proceeds of the sales of the Debtors' assets were insufficient to satisfy all of the Debtors' obligations to their secured creditors. As a result of negotiations and settlements reached between the Debtors, the Committee and the Debtors' prepetition junior secured lenders (the "Prepetition Second Lien Lenders") and their affiliates (collectively with the Prepetition Secured Lien Lenders, the "Prentice Entities"), certain funds have been made available to the Debtors to make partial payments to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims. Based on the amount of funds made available and the allocations previously authorized by the Bankruptcy Court pursuant to the Approval Order (defined below), the Debtors anticipate making distributions of (i) approximately $1,350,000 pro rata to holders of allowed 503(b)(9) Claims (resulting in an estimated distribution of approximately 57% of the allowed amount of such claims), and (ii) approximately $1,550,000 pro rata to holders of allowed December 2008 Stub Rent Claims (resulting in an estimated distribution of approximately 75% of the allowed amount of such claims).[1]

3.      On December ___ 2009, the Bankruptcy Court entered an order (Docket No. ___) (the "Approval Order") that, among other things, (a) approved a settlement stipulation by and among the Debtors, the Committee and the Prentice Entities, (b) approved procedures governing the reconciliation, resolution and allowance of all 503(b)(9) Claims and December 2008 Stub Rent Claims, (c) authorized certain allocated distributions to holders of allowed 503(b)(9) Claims and allowed December 2008 Stub Rent Claims, and (d) authorized the dismissal of the Debtors' chapter 11 cases after the making of distributions and upon the filing of a Certification of Counsel and Request for Dismissal by the Debtors and the Committee. You are receiving this Notice pursuant to the Approval Order.

---

[1] The estimated recoveries are based upon the Debtors' and Committees' estimate of the total Allowed amounts of 503(b)(9) Claims and administrative claims for December 2008 Stub Rent at the conclusion of the Claims Resolution Process (as defined herein). To the extent the total amount of Allowed 503(b)(9) Claims and/or Allowed December 2008 Stub Rent Claims is greater than the amounts currently estimated by the Debtors, the percentage distribution made to the holders of such claims will be less than these estimates.

4. The 503(b)(9) Claim or administrative claim for December 2008 Stub Rent Claim that you have asserted against the Debtors (as applicable, your "Claim") is identified on the attached schedule (the "Schedule"), which reflects the amount of your Claim as filed with the Bankruptcy Court or as previously allowed by order of the Court.2 The Schedule also sets forth the Debtors' proposed allowed amount of your 503(b)(9) Claim or December 2008 Stub Rent Claim entitled to share in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve, per the Debtors' records (the "Proposed Allowed Claim Amount").

5. If you agree with the Proposed Allowed Claim Amount shown on the Schedule then you should NOT respond to this Notice.

6. If, however, you disagree with the Proposed Allowed Claim Amount shown on the Schedule, then you should contact the Debtors' counsel informally and attempt to resolve your Claim or objection amicably, without the need to file a claim or formal objection formally, as provided in the following paragraph.

7. If you wish to file a formal objection (a "Claim Objection"), you must submit a written response and supporting documentation to the Court on or before JANUARY ___, 2010 at 4:00 p.m. (the "Objection Deadline") and serve a copy of such Claim Objection so as to be received on or before the Objection Deadline by: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Joel A. Waite, Esquire; (ii) counsel to the Committee, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036, Attn: Cathy Hershcopf, Esq. and Seth Van Aalten, Esq.; and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801-1246, Attn: Gregory Taylor, Esquire, and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Richard L. Schepacarter, Esquire.

8. A HEARING TO CONSIDER ANY UNRESOLVED CLAIMS OBJECTIONS WILL BE HELD ON JANUARY ___, 2009 AT _____ __M., PREVAILING EASTERN TIME, BEFORE THE HONORABLE KEVIN J. CAREY AT 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 5, WILMINGTON, DELAWARE 19801.

9. If you do not respond to this Notice on or before the Objection Deadline, then the Proposed Allowed Claim Amount (which amount may be $0) will be allowed and any remaining disputed portion of your Claim will not be entitled to share in the 503(b)(9) Reserve or December 2008 Stub Rent Reserve.

10. After all Claim Objections have been resolved (either consensually or by order of the Court), the Debtors' will make a single distribution on account of the Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims in accordance with the Approval Order.3

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

_____
Joel A. Waite (No. 2925)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors-in-Possession

---

2 To the extent that the claim(s) you filed against the Debtors assert amounts other than an administrative claim under Section 503(b)(9) or for December 2008 Stub Rent, that portion of your filed claim(s) is not being addressed by this Notice.

3 You may obtain a copy of the Approval Order by contacting Debtors' counsel.

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

In re:                                                    Chapter 11

KB TOYS, INC.                                             Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,

                                                          Jointly Administered
                              Debtors.

-----------------------------------------------------------X

## CERTIFICATION OF COUNSEL AND REQUEST FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASES

Pursuant to that *Order Granting Joint Motion of the Debtors and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, For Entry of an Order (A) Approving a Stipulation Between the Debtors, the Committee and the Prentice Entities, (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Administrative Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief,* entered _____, 2009 (Docket No. __) (the "Approval Order"), KB Toys, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"), hereby submit the following Certification of Counsel and Request for Dismissal:1

1.    On December 11, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to

---

1    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Approval Order.

manage their businesses and properties as debtors-in-possession. No trustee or examiner has been appointed in these cases. On December 17, 2008, the Committee was appointed in these cases by the Office of the United States Trustee for the District of Delaware.

2.     The Approval Order, among other things, (a) approved a settlement stipulation by and among the Debtors, the Committee and the Prentice Entities, (b) approved procedures governing the reconciliation, resolution and allowance of 503(b)(9) Claims and December 2008 Stub Rent Claims, (c) authorized certain distributions to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims, and (d) authorized the dismissal of the Debtors' chapter 11 cases after the making of distributions and upon the filing of a Certification of Counsel and Request for Dismissal by the Debtors and the Committee.

3.     Upon completion of the Claims Resolution Process, the 503(b)(9) Reserve consisted of approximately $_____ in cash and the December 2008 Stub Rent Reserve consisted of approximately $_____ in cash. Through the Claims Resolution Process, all disputes regarding the allowed amounts of 503(b)(9) Claims and December 2008 Stub Rent Claims were resolved. 503(b)(9) Claims totaling $____ and December 2008 Stub Rent Claims totaling $____ were allowed against the Debtors' estates.

4.     Accordingly, on _____, 2009, the Debtors made distributions to holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims pursuant to the terms of the Approval Order (the "Distribution"). The Distribution (a) consisted of the funds held in the 503(b)(9) Reserve and the December 2008 Stub Rent Reserve and (b) was made to the holders of Allowed 503(b)(9) Claims and Allowed December 2008 Stub Rent Claims in the amounts set forth on attached **Schedule A**.

5.      Pursuant to the Approval Order, funds remaining in the 503(b)(9) Reserve and/or the December 2008 Stub Rent Reserve after the expiration of the Check Cashing Period will be paid to the Prepetition Second Lien Lender.

6.      The Professional Fee Escrows have been funded as provided for in Paragraph 7 of the Settlement Stipulation.

7.      To the best of Debtors' knowledge, all United States Trustee quarterly fees accrued through the date hereof have been paid.

8.      The Court has entered orders approving the Final Fee Applications of the professionals retained by the Debtors and the Committee.

9. Pursuant to the terms of the Approval Order, the Debtors and the Committee hereby request entry of an Order substantially in the form attached hereto dismissing the Debtors' chapter 11 cases.

Dated: _____, 2010
       Wilmington, Delaware


| | |
|---|---|
| YOUNG, CONAWAY STARGATT & TAYLOR, LLP | ASHBY & GEDDES, P.A. |
| _____ | _____ |
| Joel A. Waite (No. 2925) | William P. Bowden (I.D. No. 2553) |
| Matthew B. Lunn (No. 4119) | Gregory Taylor (I.D. No. 4008) |
| Margaret B. Whiteman (No. 4652) | 500 Delaware Avenue, 8th Floor |
| The Brandywine Building | Wilmington, DE 19801-1246 |
| 1000 West Street, 17th Floor | Telephone: (302) 654-1888 |
| Wilmington, DE 19801 | Facsimile: (302) 654-2067 |
| Telephone: (302) 571-6600 | |
| Facsimile: (302) 571-1253 | |
| -and- | -and- |
| WILMER CUTLER PICKERING HALE AND DOOR LLP | COOLEY GODWARD KRONISH LLP |
| Mitchel Appelbaum (BBO #558579) | Jay R. Indyke (JI 0353) |
| 60 State Street | Cathy Hershcopf (CH 5875) |
| Boston, MA 02109 | Seth Van Aalten (SV 2663) |
| | 1114 Avenue of the Americas |
| | New York, New York 01136 |
| | Telephone: (212) 479-6000 |
| | Facsimile: (212) 479-6275 |
| *Counsel for Debtors and Debtors-in-Possession* | *Counsel For The Official Committee Of Unsecured Creditors* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

In re:                                                    Chapter 11

KB TOYS, INC.                                             Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,

                                                          Jointly Administered

                              Debtors.

------------------------------------------------------------X

## ORDER DISMISSING CHAPTER 11 CASES

Pursuant to (i) that *Joint Motion of the Debtors and the Official Committee
of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy
Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving a Stipulation
Between the Debtors, the Committee and the Prentice Entities, (B) Approving Procedures for (I)
the Distribution of Certain Funds to Holders of Allowed Administrative Claims and (II) the
Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief,* filed on
_____, 2009 (Docket No. __), (ii) that Order granting the Joint Motion, entered on
_____, 2009 (Docket No. ___), and (iii) that *Certification of Counsel and Request for Entry
of an Order Dismissing Chapter 11 Cases,* filed on _____, 2009 (Docket No. __), it is

ORDERED, ADJUDGED AND DECREED THAT:

1.       Pursuant to section 1112(b) and 305(a) of the Bankruptcy Code, the Debtors'
chapter 11 cases are hereby dismissed.

2.       Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court
entered in these chapter 11 cases shall survive the dismissal of these chapter 11 cases.

3.      The Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or relating to the implementation of any order of this Court entered in these

chapter 11 cases.


Dated: _____
        Wilmington, Delaware


                                            _____
                                            Honorable Kevin J. Carey
                                            United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- X

In re:                                          Chapter 11

KB TOYS, INC.                                   Case No.: 08-13269 (KJC)
a Delaware corporation, et al.,

                                                Jointly Administered
                    Debtors.

-------------------------------------------------------------- X    *Li: 914, 990*

## ORDER DISMISSING CHAPTER 11 CASES

        Pursuant to (i) that *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors, Pursuant to Sections 105(a), 305(a), 349 and 1112(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving a Stipulation Between the Debtors, the Committee and the Prentice Entities, (B) Approving Procedures for (I) the Distribution of Certain Funds to Holders of Allowed Administrative Claims and (II) the Dismissal of the Debtors' Chapter 11 Cases, and (C) Granting Certain Related Relief,* filed on November 9, 2009 (Docket No. 872), (ii) that Order granting the Joint Motion, entered on December 1, 2009 (Docket No. 914), and (iii) that *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases,* filed on February 12, 2010, it is

        ORDERED, ADJUDGED AND DECREED THAT:

        1.      Pursuant to section 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

        2.      Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in these chapter 11 cases shall survive the dismissal of these chapter 11 cases.

Case 08-13206-KJC   Doc 6209   Filed 02/16/10   Page 22 of 22

3.     The Court shall retain jurisdiction with respect to any matters, claims, rights or

disputes arising from or relating to the implementation of any order of this Court entered in these

chapter 11 cases.

Dated: February 16, 2010
            Wilmington, Delaware

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge