# **Exhibit G**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WICKES HOLDINGS, LLC and WICKES FURNITURE COMPANY, INC., | Case No. 08-10212 (KJC) (Jointly Administered) |
| Debtors. | **Ref. Docket Nos. 1346, 1393** |

**ORDER, PURSUANT TO SECTIONS 105(c), 349 AND 1112(b) OF THE BANKRUPTCY CODE, (A) AUTHORIZING GUC TRUST AGREEMENT, (B) DISMISSING THE DEBTORS' CHAPTER 11 CASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon the motion of Wickes Holdings, LLC and Wickes Furniture Company, Inc., the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**"), pursuant to sections 105(c), 349 and 1112(b) of the Bankruptcy Code, for the entry of an Order (a) approving procedures for (i) the resolution of all general unsecured claims against the Debtors and the distribution of funds held in trust for the benefit of general unsecured creditors and (ii) the dismissal of the Debtors' bankruptcy cases; and (b) granting certain related relief [Docket No. 1346] (the "**Motion**");[1] and this Court having reviewed the Motion and having conducted a hearing on the Motion, at which time the Debtors and all parties-in-interest were given an opportunity to be heard; and it appearing that the notice of the Motion having been given to (a) the United States Trustee for the District of Delaware, (b) counsel to Wells Fargo, (c) counsel to Ableco Finance LLC, (d) counsel to the Committee, (e) counsel to equity holders, (f) all creditors and (g) parties that have requested service of papers pursuant to Bankruptcy Rule 2002; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b)

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

notice of the Motion and the opportunity for a hearing thereon were adequate and appropriate under the circumstances and no other notice need be given, (c) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (d) the requested relief in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED, THAT:

1.    The Motion is hereby GRANTED, in part, as set forth herein.

2.    The Debtors and Committee are hereby authorized to enter into that certain GUC TRUST AGREEMENT, a copy of which is attached hereto as **Exhibit "A,"** and to take all necessary steps to effectuate the terms of that agreement.  The Committee is authorized to transfer the GUC Funds to the GUC Trust pursuant to the GUC Trust Agreement.  The GUC Trustee is authorized to administer the GUC Trust and distribute the GUC Funds in accordance with the terms of the GUC Trust Agreement.

3.    Wells Fargo shall have the sole authority to prosecute and settle the Excluded Insider Actions and any other causes of action other than Avoidance Actions.

4.    Wells Fargo's insurance unit, Wells Fargo Insurance Services, Inc. shall have the sole authority to resolve any claims under the Debtors' insurance policies with Old Republic pursuant to the Insurance Stipulation and to settle all workers' compensation claims.

5.    From and after the date of this Order, none of the Debtors, nor the Committee, nor any of the Debtors' and the Committee's respective present or former directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity), shall have or incur any liability to any person for any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation or consummation of the Motion (other than an action in contravention of the Motion or the

*DEL 86,262,643v3 5-7-09*

implementation of this Order), or any contract, instrument, release or agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Motion or this Order.

6. Pursuant to section 1112(b) the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed.

7. All quarterly U.S. Trustee fees shall be paid in full.

8. Notwithstanding section 349 of the Bankruptcy Code, prior Orders of the Court shall survive dismissal of these cases.

9. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any Order of this Court and to rule on the allowance of the interim and final compensation of professionals retained in these cases. A final hearing on compensation of professionals shall be held on May 20, 2009.

Dated: May ⧵⧵, 2009

Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

# EXHIBIT A

## GUC TRUST AGREEMENT

This GUC TRUST AGREEMENT (the "Agreement" or "GUC Trust Agreement") is made and entered into, as of the ___th day of March, 2009, by and among Wickes Holdings, LLC and Wickes Furniture Company, Inc., the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or "Wickes"), the official committee of unsecured creditors appointed in the chapter 11 case of Wickes (the "Committee"), and Anthony C. Labrosciano (the "GUC Trustee"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the DIP Order (as hereinafter defined).

## RECITALS

WHEREAS, On February 3, 2008, each of the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on March 28, 2008, the Court entered that certain order (the "DIP Order") (Docket No. 513) approving a $30 million senior secured financing facility with Wells Fargo Retail Finance LLC, as collateral agent and administrative agent, and the lenders party thereto; and

WHEREAS, under the terms of the DIP Order, among other things, (i) the GUC Trust was established for the benefit of general unsecured creditors, (ii) the ability to pursue certain assets of the Debtors was transferred to the Committee on behalf of the GUC Trust including, but not limited to, the Avoidance Actions, and (iii) the GUC Trust was provided with certain rights to the proceeds of Collateral identified therein; and

WHEREAS, this GUC Trust Agreement is established under and pursuant to Paragraphs 9 and 11 of the DIP Order which provides for the appointment of the GUC Trustee to administer the GUC Trust for the benefit of general unsecured creditors of the Debtors; and

WHEREAS, the GUC Trustee has agreed to serve upon the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in accordance with the DIP Order and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## DECLARATION OF TRUST

The Committee hereby absolutely assigns to the GUC Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Committee in and to the Trust Assets (as defined below);

TO HAVE AND TO HOLD unto the GUC Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the holders of general unsecured claims, as and to the extent provided in the DIP Order, and for the performance of and compliance with the terms hereof;

PROVIDED, HOWEVER, that upon termination of the GUC Trust in accordance with Article V hereof, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Trust Assets are to be held and applied by the GUC Trustee upon the further covenants and terms and subject to the conditions herein set forth.

## I   NAME; PURPOSE; TRUST ASSETS

1.1   Name of Trust.  The trust created by this Agreement shall be known as the "Wickes GUC Trust" or sometimes herein as the "GUC Trust".

1.2   Transfer of Trust Assets.  In accordance with the provisions of the DIP Order, the Committee and Debtors shall be deemed and by this Declaration of Trust do hereby transfer, assign and convey to the beneficiaries of the GUC (i) the Avoidance Actions, (ii) the right to share in the proceeds of specified Collateral pursuant to Paragraph 11 of the DIP Order, and (iii) any and all other interests, rights, claims, defenses and causes of action of the Debtors or their estates related to the Avoidance Actions (the "Trust Assets"), followed by a deemed transfer by such beneficiaries to the GUC Trust, to be held by the GUC Trustee in trust for the holders, from time to time, of general unsecured claims (such holders collectively, the "Trust Beneficiaries").

1.3   Purposes.  The purposes of the GUC Trust are to hold and effectuate an orderly disposition of the Trust Assets and to distribute or pay over the Trust Assets or proceeds thereof in accordance with this Agreement, with no objective or authority to engage in any trade or business.

1.4   Acceptance by the GUC Trustee.  The GUC Trustee is willing and hereby accepts the appointment to serve as GUC Trustee pursuant to this Agreement and agrees to observe and perform all duties and obligations imposed upon the GUC Trustee by this Agreement, including, without limitation, to accept and hold and administer the Trust Assets and otherwise to carry out the purpose of the GUC Trust in accordance with the terms and subject to the conditions set forth herein.  The GUC Trustee shall have fiduciary duties to the beneficiaries of the GUC Trust in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee.

1.5   Further Assurances.  The Debtors and any successor in interest will, on request of the GUC Trustee, execute and deliver such further documents and perform such further acts as may be necessary or proper to transfer to the GUC Trustee any portion of the Trust Assets or to vest in the Trust the powers or property hereby conveyed.  The Debtors, for themselves and their predecessors and successors, disclaim any right to any reversionary interest in any of the Trust Assets, but nothing herein will limit the right and power of the GUC Trustee to abandon any Trust Assets to the Debtors in the event the GUC Trustee determines it is in the best interests of the GUC Trust and its beneficiaries to do so.

## II     RIGHTS, POWERS AND DUTIES OF GUC TRUSTEE

2.1     <u>General</u>.  As of the date hereof, the GUC Trustee shall take possession and charge of the Trust Assets and, subject to the provisions hereof, shall have full right, power and discretion to manage the affairs of the GUC Trust.  Except as otherwise provided herein, the GUC Trustee shall have the right and power to enter into any covenants or agreements binding the GUC Trust and in furtherance of the purpose hereof and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the GUC Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder. The GUC Trustee shall retain existing counsel to the Committee as well as any other necessary legal or other professionals. The GUC Trustee, shall have the power and responsibility to do all that may be necessary or appropriate in connection with the disposition of the Trust Assets and the distribution of the proceeds thereof, including, without limitation:

(a)     To exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by the Committee with respect to the Trust Assets;

(b)     To maintain escrows, bank accounts (including checking and money market accounts) and other accounts, make distributions to holders of allowed general unsecured claims and take other actions consistent with the implementation hereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves, in the name of the GUC Trust;

(c)     To collect and liquidate all Trust Assets and to engage in all acts that would constitute ordinary performance of all obligations of a trustee of a general unsecured creditor trust;

(d)     To do all other acts or things not inconsistent with the provisions of this Agreement that the GUC Trustee deems reasonably necessary or desirable with respect to implementing and administering this Agreement;

(e)     To reconcile all scheduled and filed general unsecured claims and determine which claims are entitled to a distribution from the Trust Assets;

(f)     To make all distributions to holders of allowed general unsecured claims;

(g)     To enter into any agreement or execute any document required by or consistent with the DIP Order and this Agreement and perform all of the obligations of the GUC Trustee thereunder;

(h)     To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization, any assets that the GUC Trustee concludes are of no benefit to general unsecured creditors, are determined to be too impractical to distribute, store or otherwise maintain;

(i)     To investigate, prosecute and/or settle Avoidance Actions and defenses, participate in or initiate any proceeding before the Bankruptcy Court or any other court of

appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or other nonjudicial proceeding, and litigate or settle any or all such Committee Avoidance Actions;

Other than the obligations of the GUC Trustee enumerated or referred to herein, the GUC Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the this Agreement.

      2.2    Costs. On and after the date hereof, the GUC Trustee shall reserve Cash reserves from the Trust Assets to be held in a GUC Trust wind-down fund (the "Wind-down Reserve"). The Wind-down Reserve shall be used to pay amounts due to the GUC Trustee pursuant to Section 2.7 hereof and the fees and expenses of any counsel, consultant or other advisor or agent retained by the GUC Trustee pursuant to this Agreement. In the event that amounts held in the Wind-down Reserve, together with proceeds of any disposition of Trust Assets available for such purpose, are insufficient to make payments as provided in this Section 2.2, the GUC Trustee shall have no obligation to make such payments.

      2.3    Distributions. The GUC Trustee shall record and account for all proceeds received upon any disposition of Trust Assets for distribution to general unsecured creditors.

      (a)    After a distribution occurs, any distributed check(s) that have not been claimed and/or cashed within a 90 day period of the date of the check shall be deemed void and the claim disallowed. In addition, any Trust Assets that remain after said 90 day period shall be used first to pay any reasonable costs for the administration of the distribution of the Trust Assets, if any and, thereafter, paid to a recognized charitable organization acceptable to the GUC Trustee;

      (b)    For purposes of efficiency, the GUC Trustee will refrain from making any distribution that would result in a distribution of less than $50.00 if the GUC Trustee determines in its discretion that such a distribution would be administratively burdensome.

      2.4    Limitations on Investment Powers of GUC Trustee. Funds in the GUC Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the GUC Trust as determined by the GUC Trustee, and need not be invested in accordance with section 345 of the Bankruptcy Code unless the Bankruptcy Court otherwise requires.

      2.5    Liability of GUC Trustee.

      (a)    Standard of Care. Except in the case of willful misconduct, gross negligence or fraud, the GUC Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by it pursuant to the discretion, powers and authority conferred, or in good faith believed by the GUC Trustee to be conferred, on the GUC Trustee by this Agreement.

      (b)    No Liability for Acts of Predecessors. No successor GUC Trustee shall be in any way responsible for the acts or omissions of any GUC Trustee in office prior to the date on which such successor becomes the GUC Trustee, unless a successor GUC Trustee expressly assumes such responsibility.

(c)   **No Implied Obligations.** Subject to Section 1.4 hereof, the GUC Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the GUC Trustee.

(d)   **No Liability for Good Faith Error of Judgment.** The GUC Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the GUC Trustee was grossly negligent in ascertaining the pertinent facts.

(e)   **Reliance by GUC Trustee on Documents or Advice of Counsel or Other Persons.** Except as otherwise provided herein, the GUC Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the GUC Trustee to be genuine and to have been signed or presented by the proper party or parties. The GUC Trustee also may engage and consult with legal counsel for the GUC Trust and other agents and advisors and shall not be liable for any action taken or suffered by the GUC Trustee in reliance upon the advice of such counsel, agents or advisors. The GUC Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets.

(f)   **No Personal Obligation for Trust Liabilities.** Persons dealing with the GUC Trustee shall look only to the Trust Assets to satisfy any liability incurred by the GUC Trustee to any such person in carrying out the terms of this Agreement, and the GUC Trustee shall have no personal, individual obligation to satisfy any such liability.

2.6   **Selection of Agents.** The GUC Trustee may engage any employee of the Debtor or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys (including existing counsel to the Committee or the Debtor), accountants (including existing accountants for the Committee or the Debtor) and other advisors and agents, in each case without Bankruptcy Court approval. The GUC Trustee may pay the salaries, fees and expenses of such persons from amounts in the Wind-down Reserve, or, if such amounts are insufficient therefor, out of the Trust Assets or proceeds thereof. In addition, the parties acknowledge that Trust Assets may be advanced to satisfy such salaries, fees and expenses. The GUC Trustee shall not be liable for any loss to the GUC Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the GUC Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7   **GUC Trustee's Compensation, Indemnification and Reimbursement.**

(a)   As compensation for services in the administration of this GUC Trust, the GUC Trustee shall be compensated $17,500.00. The GUC Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of its duties hereunder.

(b)   In addition, the GUC Trustee shall be indemnified by and receive reimbursement from the Trust Assets against and from any and all loss, liability, expense

(including attorneys' fees) or damage which the GUC Trustee incurs or sustains, in good faith and without either gross negligence or intentional malfeasance, acting as GUC Trustee under or in connection with this Agreement.

(c)     It is anticipated and intended that the GUC Trustee devote his or her attention to the prompt and orderly administration of the GUC Trust. If the GUC Trustee and the Committee agree that the GUC Trustee is able to fulfill his or her obligations under this Agreement and by devoting a portion of each work-day or work-week to performing the services set forth herein, the GUC Trustee may be retained only on a part-time basis on terms to be agreed upon between the GUC Trustee. The GUC Trustee may accept employment elsewhere during any period of part-time services, provided such additional employment does not result in a conflict of interest with his obligations hereunder.

(d)     The GUC Trustee is hereby authorized to obtain all reasonable insurance coverage for himself, his agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the GUC Trustee and his agents, representatives, employees or independent contractors under this Agreement.

2.8     Tax Treatment and Obligation to File Returns.

(a)     It is intended that the GUC Trust qualify as a grantor trust for federal income tax purposes, all of the interests which are owned by the Trust Beneficiaries, such that all items of income, gain, loss, deduction and credit will be included in the income of the Trust Beneficiaries as if such items had been recognized directly by the Trust Beneficiaries in the proportions in which they own beneficial interests in the GUC Trust.

(b)     The GUC Trustee shall comply with all tax reporting requirements and, in connection therewith, the GUC Trustee may require Trust Beneficiaries to provide certain tax information as a condition to receipt of distributions, including, without limitation, filing returns for the GUC Trust as a grantor trust pursuant to Treasury Regulation § 1.6714(a).

2.9     Tax Provisions.

(a)     Income Tax Status.

(i)     The GUC Trust is created for the purpose of liquidating the Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d) and making distributions to holders of allowed general unsecured claims. The GUC Trust is not otherwise authorized to engage in any trade or business.

(ii)     Under the guidelines set forth in Revenue Procedure 94-95, I.R.B. 1994-20.12 and § 1.671-4(a) of the Income Tax Regulations, the GUC Trustee will file returns for the GUC Trust as a grantor trust. The transfer of the Trust Assets will be treated for tax purposes as a transfer to the Trust Beneficiaries, followed by a deemed transfer from such Trust Beneficiaries to the GUC Trust.

(b)      Withholding. The GUC Trustee may withhold from the amount distributable from the GUC Trust at any time to any Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Trust Beneficiary or upon the GUC Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.

(c)      Tax Identification Numbers. The GUC Trustee may require any Trust Beneficiary to furnish to the GUC Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service and the GUC Trustee may condition any distribution to any Trust Beneficiary upon receipt of such identification number.

2.10      Claims Process. Because the Trust Assets are limited, the GUC Trustee and counsel will not undertake an extensive claims reconciliation process. The claims reconciliation process will occur, as follows:

(a)      The GUC Trustee will serve a notice (the "Claim Notice") and corresponding Exhibit A, identifying all general unsecured claims listed by the Debtor on Schedule F filed with the Bankruptcy Court and/or filed as a proof of claim by an individual claimant and a statement regarding the validity of each claim. A copy of the Claim Notice will be filed in the chapter 11 bankruptcy cases, for the convenience of the claimants. Such Claim Notice is not intended to subject the GUC Trust or the Trust Assets to the jurisdiction of the Bankruptcy Court;

(b)      If a party-in-interest (i) disputes the amount of any unsecured claim as listed on Exhibit A to the Claim Notice or (ii) wishes to assert a claim that is not reflected on Exhibit A or in a different amount than is reflected, such party-in-interest (the "Objecting Party") will be instructed to mail, fax or e-mail its objection with documentation supporting its objection or claim to the GUC Trustee;

(c)      The GUC Trustee will review all claims and claim objections and supporting documentation timely submitted by an Objecting Party and consult with the Objecting Party in order to attempt to resolve any objection by the GUC Trustee or the Objecting Party. If the GUC Trustee and the Objecting Party cannot agree on a resolution, then the disputed claim shall be submitted to a court of competent jurisdiction for ultimate determination. Any claim to which there was no objection by the GUC Trustee or party in interest or that was allowed pursuant to foregoing claims process shall be deemed an "Allowed General Unsecured Claim."

2.11      Records of GUC Trustee. The GUC Trustee shall maintain accurate records of receipts and disbursements and other activity of the GUC Trust, and duly authorized representatives of the Committee shall have reasonable access to the records of the GUC Trust. The books and records maintained by the GUC Trustee may be disposed of by the GUC Trustee at such time as the GUC Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the GUC Trust or its beneficiaries, or upon the termination of the GUC Trust.

## III   RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.

3.1   <u>Interests of Beneficiaries</u>. The Trust Beneficiaries shall have beneficial interests in the Trust Assets as provided herein. The Trust Beneficiaries' proportionate interests in the Trust Assets shall be transferable, subject, as applicable, to Bankruptcy Rule 3001(e) and any other provision of law, but shall not be binding on the GUC Trustee unless and until the transfer has been accepted by the GUC Trustee. A holder of an Allowed General Unsecured Claim shall be a beneficiary of the GUC Trust and Trust Assets shall be paid *pro rata* to creditors holding Allowed General Unsecured Claims.

3.2   <u>Interests Beneficial Only</u>. The ownership of a beneficial interest hereunder shall not entitle any Trust Beneficiary to any title in or to the Trust Assets as such (which title shall be vested in the GUC Trustee) or to any right to call for a partition or division of Trust Assets or to require an accounting.

## IV   AMENDMENT OF TRUST OR CHANGE IN TRUSTEE.

4.1   <u>Resignation of the GUC Trustee</u>. The GUC Trustee may resign by an instrument in writing signed by the GUC Trustee, provided that the GUC Trustee shall continue to serve as such after his resignation for thirty (30) days or, if longer, until the time when appointment of his successor shall become effective in accordance with Section 4.2 hereof.

4.2   <u>Appointment of Successor GUC Trustee</u>. In the event of the death, resignation, termination, incompetence or removal of the GUC Trustee, the Committee may appoint a successor GUC Trustee without the approval of the Bankruptcy Court, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the GUC Trustee or his successor. If the Committee fails to appoint a successor GUC Trustee within 30 days of the occurrence of a vacancy, any Trust Beneficiary or the outgoing GUC Trustee may petition the Bankruptcy Court for such appointment. Every successor GUC Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and to the predecessor GUC Trustee (if practicable) an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor GUC Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring GUC Trustee.

4.3   <u>Continuity</u>. Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the GUC Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the GUC Trustee. In the event of the resignation or removal of the GUC Trustee, the GUC Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Bankruptcy Court, the Committee or the successor GUC Trustee.

4.4   <u>Amendment of Agreement</u>. This Agreement may be amended, modified, terminated, revoked or altered only upon (i) order of the Bankruptcy Court; or (ii) agreement of the GUC Trustee and the Committee.

**V        TERMINATION OF TRUST**

The GUC Trust shall terminate upon the fulfillment of the GUC Trust's purpose by the liquidation of all of the Trust Assets and the distribution of the proceeds of the liquidation thereof in accordance with the Plan (the "Termination Date"). Reasonable efforts shall be made to see to it that the Termination Date shall be no later than the time reasonably necessary to accomplish the GUC Trust's purpose of liquidating Trust Assets and effectuating a prompt distribution of the proceeds thereof.

**VI      RETENTION OF JURISDICTION**

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the GUC Trust, the GUC Trustee and the Trust Assets, including the determination of all controversies and disputes arising under or in connection with the GUC Trust or this Agreement. However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter. All Trust Beneficiaries consent to the jurisdiction of the U.S. District Court for the District of Delaware and the state district courts sitting in Wilmington, Delaware over all disputes related to this Agreement.

**VII     MISCELLANEOUS**

7.1     Applicable Law. The GUC Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2     Waiver. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3     Relationship Created. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4     Interpretation. Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.5     Savings Clause. If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.6     Entire Agreement. This Agreement constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein. This Agreement together supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter. Except as

otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto, the Committee, and the Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

7.7    Counterparts.    This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.8    Notices.

(a)    All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

> Anthony C. Labrosciano
> ACL Adjustment Associates, Inc.
> 165 Central Avenue
> Hasbrouck Heights, NJ 07604-0442
> Attn: Wickes GUC Trustee
>
> with a copy to:
>
> COOLEY GODWARD KRONISH LLP
> 1114 Avenue of the Americas
> New York, NY 10036-7798
> Attn:  Cathy Hershcopf, Esq.
>        Jeffrey L. Cohen, Esq.
> Tel: (212) 479-6000
> Fax: (212) 479-6275

(i)    if to any Trust Beneficiary, to such address as such Trust Beneficiary shall have furnished to the Debtors in writing prior to the Effective Date.

(b)    Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the GUC Trustee in the same manner as above.

7.9    Successors and Assigns.    This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, Committee, the Trust Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

*DEL 86,262,643v3 5-7-09*

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.

Wickes Holdings, LLC and Wickes Furniture Company, Inc.

By:_____

Name:

Title:

TRUSTEE OF THE WICKES GUC TRUST

_____

Anthony C. Labrosciano, as GUC Trustee

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE WICKES, INC.

By:_____

Name: Doug Jermyn, Legacy Classic Furniture

Title: Co-Chairperson

DEL 86,262,643v3 5-7-09