# Exhibit I

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | **Chapter 11** |
| **ASCENDIA BRANDS, INC., <u>et al.</u>,**[1] | **Case No. 08-11787 (BLS)** |
| Debtors. | **(Jointly Administered)** |
| | Ref. Docket No. 1199 |

## ORDER (I) DISMISSING CHAPTER 11 CASES
## AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an Order pursuant to §§ 105(a), 305, 349 and 1112(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), dismissing the Chapter 11 Cases and granting related relief; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core proceeding under 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion represents an exercise of sound business judgment and is the best interests of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascendia Brands, Inc. (8820); Hermes Acquisition Company I LLC (2437); Ascendia Brands Co., Inc. (4604); Lander Co., Inc. (2447); Lander Intangibles Corporation (8789); and Ascendia Real Estate LLC (2435). The mailing address for each of the Debtors is P.O. Box 450, Penns Park, PA 18943.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

{680.001-W0021389.5}

Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the Motion is granted as set forth herein; and it is further

> ORDERED that the Chapter 11 Cases are hereby DISMISSED; and it is further

> ORDERED that the Debtors' notice, claims and balloting agent, Epiq Bankruptcy Solutions, LLC, shall be relieved of any further obligations with respect to the Debtors' cases; and it is further

> ORDERED that the Debtors, A•S•K, the DIP Lenders (as defined in the Final DIP Order), and any other party with control or possession of all or portions of the GUC Funds shall transfer all interests in the GUC Funds to an agent appointed by the Committee (the "Distribution Agent") within seven (7) days of the entry of a final, non-appealable order approving this Motion (collectively, the "Transfers"); and it is further

> ORDERED that the Distribution Agent is authorized to distribute Distribution to non-priority general unsecured creditors on a consolidated basis (the "Unsecured Creditors"), in accordance with the Claims Register, the Schedules and orders of this Court, on a *pro rata* basis per unsecured creditor outside of a plan (the "Distribution") in accordance with the Distribution Procedures set forth in the Motion; and it is further

> ORDERED that the Distribution Agent is authorized, in its discretion, to appoint itself and/or one or more representatives to effectuate the Distribution and to compensate itself and its representative(s), if any, including the outstanding allowed professional fees of the Committee's professionals, for reasonable fees and expenses incurred in conjunction with the Distribution; and it is further

> ORDERED that the Debtors shall mail notice of entry of this Order to all known creditors in the chapter 11 cases substantially in the form attached hereto as Exhibit 1; and it is

further

ORDERED that pursuant to §§ 105(a), 305 and 1112 of the Bankruptcy Code, effective as of the date of this Order, the Debtors' officers, directors, members, affiliates, agents, employees, attorneys, financial consultants and/or their successors and assigns (the "Debtor Parties"), the Committee and members of the Committee solely in their capacity as members of the Committee, and/or the Committee's officers, affiliates, agents, employees, attorneys, financial consultants and/or their successors and assigns (the "Committee Parties"), the Distribution Agent and its agents, employees, attorneys or professionals (the "Distribution Agent Parties"), the DIP Agent and DIP Lenders, the Pre-Petition Agent and the Pre-Petition Term Loan Lenders and/or its and their respective officers, directors, affiliates, agents, employees, attorneys, financial consultants and/or their successors and assigns  (the "Lender Parties", together with the Debtor Parties, the Committee Parties and the Distribution Agent Parties collectively, the "Exculpated Parties") are released and forever discharged from any and all liability on account of any Claims (as such term is defined in § 101(5) of the Bankruptcy Code) or any other liabilities or actions (legal or equitable), including the Distribution and the GUC Funds, based in whole or in part upon any act or omission by the Exculpated Parties taking place prior to the entry of this Order that in any way relates to the Debtors, any of the Exculpated Parties or the Debtors' cases (the "Release"); provided, however, ~~that the Release shall not apply~~ ~~to Marilyn Feuer; provided further, however,~~ that the Release shall not be construed as discharging, releasing or relieving the Debtor Parties, the Committee Parties, the Distribution Agent Parties, or any Lender Party solely to the extent such Lender Party is a member of a controlled group with any of the Debtor Parties or a fiduciary of any pension plan for which the Debtors were contributing sponsors, from liability, if any, imposed under ERISA, the Bankruptcy Code, or any related law or regulatory provision, solely with respect to the Pension

Benefit Guaranty Corporation on its own behalf or as statutory trustee of any pension plan for which the debtors were contributing sponsors within the meaning of 29 U.S.C. §1301(a)(13), including the retirement Plan for Bargaining Unit Employees of Ascendia Brands Co. Inc.; and it is further

ORDERED that, without limiting the generality of the foregoing paragraph, and for the avoidance of doubt, the Release of the DIP Agent and the DIP Lenders, the Pre-Petition Agent and the Pre-Petition Term Loan Lenders shall include a release from any obligations or commitments under the Final DIP Order and the DIP Loan Agreement (to the extent not previously released in accordance with the terms of the Final DIP Order and the DIP Loan Agreement), including without limitation, (a) to pay, remit or turnover any funds or other assets to the Committee or its agents once the GUC Funds have been delivered, or (b) to pay, reserve for, or otherwise fund or ensure the funding of any costs and expenses of the estate, including without limitation, any professional fees in accordance with the Professional Fee Carve-Out or otherwise; and it is further

ORDERED that, notwithstanding § 349 of the Bankruptcy Code, the requirements thereunder are waived and all final orders entered in the Debtors' cases prior to the date hereof, shall survive and remain effective after the dismissal of these cases and this Court shall retain exclusive jurisdiction to enforce and support such orders; and it is further

ORDERED that, notwithstanding § 349 of the Bankruptcy Code, any and all unliquidated property of any kind or nature in which the Debtors have an interest (excluding cash, cash equivalents, and Avoidance Claims, but including all documents and electronically stored information), shall be and hereby is, abandoned to the party or parties having possession of such property pursuant to § 554 of the Bankruptcy Code, and such abandonment is hereby approved; and it is further

ORDERED that the resignation of the Debtors' Chief Financial Officer, Keith Daniels, is hereby approved, to the extent that Court approval is necessary, effective upon the entry of this Order; and it is further

ORDERED that, notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction to hear and determine all matters arising from or related to (i) the interpretation and/or implementation of this Order, or (ii) any settlement previously approved by Order of this Court.

Dated:  Wilmington, Delaware
      July 18, 2012

                            The Honorable Brendan Linehan Shannon
                            United States Bankruptcy Judge

**Exhibit 1**

Notice of Dismissal

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | **Chapter 11** |
| **ASCENDIA BRANDS, INC., et al.,**[1] | **Case No. 08-11787 (BLS)** |
| **Debtors.** | **(Jointly Administered)** |

## NOTICE OF ENTRY OF DISMISSAL AND DEADLINE TO SUBMIT GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST THE DEBTORS LISTED BELOW:**

PLEASE TAKE NOTICE that on [*], 2012 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order dismissing the chapter 11 cases of Ascendia Brands, Inc.; Hermes Acquisition Company 1 LLC; Ascendia Brands Co., Inc.; Lander Co., Inc.; Lander Intangibles Corporation; and Ascendia Real Estate LLC (collectively, the "Debtors") [Docket No. [*]] (the "Dismissal Order").

PLEASE TAKE FURTHER NOTICE that pursuant to the procedures set forth in the Dismissal Order, certain of the Debtors' assets shall be distributed by a trustee (the "Distribution Trustee") **only to creditors holding general unsecured claims** ("GUC") against the Debtors that existed before August 5, 2008 (the "Petition Date") based on the Debtors' claims register (the "Claims Register"), which includes all proofs of claim filed to date and the Debtors' current schedules. The Claims Register is available on the Claims Agent's website http://dm.epiq11.com/ASC/claim/SearchClaims.aspx?rc=1.

PLEASE TAKE FURTHER NOTICE that if the amount, priority or nature of the claim as identified on the Claims Register is in dispute, a proof of claim detailing the dispute and providing the correct claim information, with supporting documentation, must be submitted no later than thirty (30) days from the date of this notice.

PLEASE TAKE FURTHER NOTICE that all submitted proofs of claim must include a *signed original* of Official Bankruptcy Form No. 10 (or a substantially similar form), and must be *actually received* on or before **5:00 PM (ET) on the date that is thirty (30) days from the date of this notice**. A copy of Official Bankruptcy Form No. 10 is attached hereto as Exhibit "A" and may also be obtained from the Court's website at http://www.deb.uscourts.gov.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascendia Brands, Inc. (8820); Hermes Acquisition Company I LLC (2437); Ascendia Brands Co., Inc. (4604); Lander Co., Inc. (2447); Lander Intangibles Corporation (8789); and Ascendia Real Estate LLC (2435). The mailing address for each of the Debtors is P.O. Box 450, Penns Park, PA 18943.

PLEASE TAKE FURTHER NOTICE that *no electronic or facsimile copies of proofs of claim will be accepted.*

PLEASE TAKE FURTHER NOTICE that proofs of claim should be sent to the Distribution Trustee at the following address:

> Ilene K. Belongia
> 518 Country Club Drive
> Winter Park, FL 32789

PLEASE TAKE FURTHER NOTICE that any creditor who fails to timely or properly file a proof of claim in compliance with the procedures set forth herein shall be forever barred from participating in any distribution in these cases on account of such claim.

Dated: Wilmington Delaware
      _____ \_\_, 2012

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

M. Blake Cleary (No. 3614)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

ATTORNEYS FOR THE DEBTORS