# **<u>Exhibit J</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PAPPAS TELECASTING<br>INCORPORATED, et al.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-10916 (PJW)<br>(Jointly Administered)<br><br>Ref. Docket No. 2085 |

**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO SECTIONS 105(a), 349 AND 1112(b) OF THE BANKRUPTCY CODE, FOR THE ENTRY OF AN ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (II) RELEASING AND DISCHARGING THE CHAPTER 11 TRUSTEE; (III) AUTHORIZING THE ABANDONMENT AND/OR DESTRUCTION OF BUSINESS RECORDS; (IV) DISMISSING THE CLAIMS AGENT; AND (V) GRANTING CERTAIN RELATED RELIEF**

Upon the motion of E. Roger Williams, Chapter 11 Trustee (the "**Trustee**") appointed in the chapter 11 cases of the above-captioned debtors (collectively, the "**Debtors**"), for the entry of an Order pursuant to sections 105(a), 349 and 1112(b) of title 11 of the United States Code: (i) dismissing the Debtors' bankruptcy cases; (ii) releasing and discharging the Trustee; (iii) authorizing the abandonment and/or destruction of business records; (iv) dismissing the claims agent; and (v) certain related relief (the "**Motion**");[2] and this Court having reviewed the Motion and having conducted a hearing on the Motion, at which time all parties-in-interest were given an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pappas Telecasting Incorporated (2213), Pappas Telecasting of Central California, a California Limited Partnership (3051); Pappas Telecasting of the Midlands, L.P. (8586); WCWG of the Triad, LLC (7903); Pappas Telecasting of Sioux City, L.P. (2089); Pappas Telecasting of Concord, a California Limited Partnership (2459); Pappas Telecasting of Houston, L.P. (2089); Pappas Telecasting of El Paso-Juarez, L.P. (2202); Pappas Telecasting of Nevada, L.P. (8024); Pappas Telecasting of Siouxland, LLC (2069); CASA of Washington, LLC (7196); KMPH (TV) License, LLC (None); KFRE (TV) License, LLC (None); Concord License, LLC (None); KTNC License, LLC (None); KPTM (TV) License, LLC (None); WCWG License, LLC (None); KPTH License, LLC (None); KAZH License, LLC (None); KDBC License, LLC (None); Reno License, LLC (None); and KCWK License, LLC (None).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

opportunity to be heard; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Motion and the opportunity for a hearing thereon were adequate and appropriate under the circumstances and no other notice need be given, (c) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (d) the requested relief in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED, THAT:

1. The Motion is hereby GRANTED, in part, as set forth herein.

2. Pursuant to section 1112(b) the Bankruptcy Code, effective as of June 30, 2010, (a) the Debtors' chapter 11 cases are hereby dismissed, (b) the Trustee is discharged and released from his duties as Trustee, and (c) the Official Committee of Unsecured Creditors (the "**Committee**") is discharged and released from its duties as the Committee.

3. From and after June 30, 2010, neither the Trustee, nor the Trustee's attorneys, consultants, advisors and agents (acting in such capacity), shall have or incur any liability to any person for any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation or consummation of the Motion (other than an action in contravention of the Motion or the implementation of this Order), or any contract, instrument, release or agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Motion or this Order.

4. All quarterly U.S. Trustee fees shall be paid in full and all required reports shall be filed with this Court.

5. Notwithstanding section 349 of the Bankruptcy Code, prior Orders of the Court shall survive dismissal of these cases.

6. The Trustee is authorized, in his sole discretion, to abandon and/or destroy the Business Records.

7. This Order shall in no way be construed or interpreted as limiting any obligations of any parties under Article II, Section 2.1(n) of that certain Transition Services Agreement entered into on October 15, 2009, which was approved by this Court pursuant to its *Order Approving Joint Motion of the Chapter 11 Trustee and the Individual Debtors, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9019, for Entry of an Order (1) Approving Operational Separation and Settlement Agreement Entered Into By and Among the Corporate Chapter 11 Debtors, the Individual Debtors and Certain Non-Debtor Entities and (2) Granting Certain Related Relief* [D.I. 1680], dated October 14, 2009.[3]

8. Administar Services Group LLC, now known as Kurtzman Carson Consultants LLC, is hereby dismissed as claims agent in these cases. Upon closing of the cases, Kurtzman Carson Consultants LLC shall return proofs of claim received by it and the official Claims Register to the Clerk's Office.

9. For the avoidance of doubt, the dismissal of the Debtors' chapter 11 cases shall have no effect on the claim of any one or more of the Debtors to any and all tax refunds and/or tax credits (collectively, the "**Tax Refunds/Credits**") in respect of any and all tax years in respect of which a tax refund and/or tax credit may be claimed from a state or federal government, including, without limitation, the claim of Pappas Telecasting Incorporated ("**PTI**") (or any other Debtor) to a tax refund and/or tax credit due from the State of California in respect of the tax year 2004 and/or the tax year 2005 (collectively, the "**California Tax Refund/Credit**"), all of the Debtors' right, title and interest to which Tax Refunds/Credits were

---

[3] This Court entered the same exact order in *In re Harry J. Pappas and Stella A. Pappas*, Case No. 08-10949 (Jointly Administered) [D.I. 609].

transferred and assigned to New World TV Group, LLC ("**New World**") pursuant to that certain Asset Purchase Agreement (the "**APA**"), dated as of December 12, 2008, among the Debtors and various affiliates of the Debtors, as sellers, and New World, as buyer. In the event that, on or after the date hereof (and, for the avoidance of doubt, including following the effectiveness of the dismissal of the Debtors' chapter 11 cases), PTI or any other Debtor (in each case, whether as debtor or debtor in possession) shall receive or obtain custody, possession or control of any property acquired by New World pursuant to the APA, including, without limitation, the proceeds of any Tax Refunds/Credits (including, without limitation, the California Tax Refund/Credit), PTI, or such other Debtor, as applicable, promptly shall turn over and remit any and all such property and/or proceeds to New World's designee, TTBG, LLC, c/o TTBG, LLC, 888 3rd Street, NW, Suite A, Atlanta, GA 30318, Attn.: Mr. Jim Sandry, Telephone: (678) 904-0516, Fax: (678) 904-0556.

10. The Court hereby retains jurisdiction to oversee any administrative matters that may arise in connection with implementing the terms of this Order and to rule on the allowance of the interim and final compensation of professionals retained and requests for compensation by the Trustee in these cases. A final hearing on compensation of professionals shall be held on June 25, 2010 @ 9:30 A.M.

Dated: June 4, 2010

_____
Honorable Peter J. Walsh
United States Bankruptcy Judge