IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| COACH AM GROUP HOLDINGS CORP., ) *et al.*,[1] ) | Case No. 12-10010 (KG) |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Related Docket No. 1607** |

**ORDER DISALLOWING AND EXPUNGING CERTAIN CLAIMS AS SET FORTH IN THE OFFICIAL COMMITTEE OF CREDITORS' SECOND OMNIBUS OBJECTION TO CLAIMS THAT DO NOT CORRESPOND TO INFORMATION IN THE DEBTORS' BOOKS AND RECORDS**

Upon the Official Committee of Unsecured Creditors' Second Omnibus Objection (the "Objection") to Certain Claims that Do Not Correspond to Information in the Debtors' Books and Records for entry of an order (this "Order") partially disallowing, disallowing in full, and/or expunging the claims set forth on Exhibit A, it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Objection in the Court is proper pursuant to 28 U.S.C. § § 1408 and 1409; it appearing that notice of the Objection and the opportunity for a hearing on the Objection were appropriate

---

[1] The Debtors in these cases, along with the last four (4) digits of their federal tax identification numbers are: Coach Am Group Holdings Corp. (4830), Coach Am Holdings Corp. (1816), Coach America Holdings, Inc. (2841), American Coach Lines, Inc. (2470), American Charters, Ltd. (Coach America) (8246), American Coach Lines of Atlanta, Inc. (4003), American Coach Lines of Jacksonville, In. (1360), American Coach Lines of Miami, Inc. (7867), American Coach Lines of Orlando, Inc. (2985), Coach America Group, Inc. (2816), B&A Charter Tours, Inc. (9392), Dillon's Bus Service, Inc. (5559), Florida Cruise Connection, Inc. (9409), Hopkins Airport Limousine Service, Inc. (1333), Lakefront Lines, Inc. (5309), The McMahon Transportation Company (0030), Midnight Sun Tours, Inc. (2791), Royal Tours of America, Inc. (2313), Southern Coach Company (6927), Tippitt Travel, Inc. (8787), Trykap Airport Services, Inc. (0732), Trykap Transportation Management, Inc. (2727), KBUS Holdings, LLC (6419), ACL Leasing, LLC (2058), CAPD, LLC (4454), Coach America Transportation Solutions, LLC (6909), CUSA, LLC (3523), CUSA ASL, LLC (2030), CUSA AT, LLC (2071), CUSA AWC, LLC (2084), CUSA BCCAE LLC (2017), CUSA BESS, LLC (3610), CUSA CC, LLC (1999), CUSA CSS, LLC (1244), CUSA EE, LLC (1982), CUSA ELKO, LLC (4658), CUSA ES, LLC (1941), CUSA FL, LLC (1920), CUSA GCBS, LLC (1891), CUSA GCT, LLC (1833), CUSA KBC, LLC (1808), CUSA K-TCS, LLC (1741), CUSA Leasing, LLC (1321), CUSA PCSTC, LLC (1701), CUSA PRTS, LLC (1591), CUSA RAZ, LLC (0640), CUSA Transit Services, LLC (8847), Get A Bus, LLC (1907), Coach BCCAE, L.P. (3488) and Coach Leasing BCCAE, L.P. (6784).

under the particular circumstances, and that no other or further notice need be given; and the Court having considered the Objection and the Claims listed on the exhibit attached hereto and incorporated by reference herein, and any responses thereto; and upon the record herein; and upon the Declaration of Brian Cejka in support of the Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Objection is granted as set forth herein.

2. The Claims listed on <u>Exhibit A</u> attached hereto are hereby partially disallowed, disallowed in full, and/or expunged as set forth on <u>Exhibit A</u>.

3. The Committee's right to (a) amend, modify or supplement the Objection, (b) file additional objections to the claims or any other claims (filed or not) which may be asserted against the estates and/or (c) seek further reduction of any claim to the extent such claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Committee's right to object on other stated grounds or on any other grounds that the Committee discover during the pendency of these cases are further preserved.

4. Each Claim and the objections by the Committee to such claims, as addressed in the Objection and as set forth on the exhibit attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each such claim. Any stay of this Order pending appeal by any claimants whose Claim is subject to this Order shall only apply to the contested matter that involves such Claimant and shall not act to stay the applicability and/or

finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. The Committee and BMC Group, Inc. are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the enforcement or interpretation of this Order.

Dated: July 23, 2013

The Honorable Kevin Gross
Chief United States Bankruptcy Judge